## Hyde and wife *vs.* Watson.

A plea in abatement setting up the misnomer of the defendant commencing " And *the said* Basil W., against whom the said plaintiff has exhibited his declaration by the name of *Baswell* W., comes and says," is bad on special demurrer. It should commence " And Basil W." &c. *Per* Jewett, J.

But the plaintiff cannot disregard the plea and enter the defendant's default.

Motion to set aside a default for irregularity. The defendant, within the time allowed for that purpose, put in a plea in abatement, commencing as follows: " And *the said* Basil Watson, against whom the said plaintiffs have exhibited their said declaration by the name of *Baswell* Watson, in his own proper person comes and says," &c. setting up the misnomer in abatement. The plea was duly verified by affidavit. The plaintiffs, disregarding the plea, at the expiration of the notice to plead entered the defendant's default, and subsequently executed a writ of inquiry of damages.

*John Percy*, for the defendant.

*C. A. Pugsley*, for the plaintiffs.

*By the Court*, Jewett, J. The plea is clearly bad on special demurrer. By using the words "and *the said Basil* Watson" he admits himself to be the person sued. It should have

commenced " And Basil Watson, against whom the said plain-tiffs have exhibited their said declaration by the name of Bas-well Watson, comes and defends," &c. (2 *Saund. Rep.* 209, *b. note ; Roberts* v. *Moon,* 5 *T. R.* 487 ; 1 *Chit. Pl.* 411, *ed of* 1812; *Haworth* v. *Spraggs,* 8 *T. R.* 515.)

The plaintiffs' attorney supposes he had a right to treat this plea as a nullity, and refers to *Bray* v. *Haller,* (2 *Moore,* 213,) and 1 *Dowl. Pr. Cas.* 693. These cases do not sustain that position. When the plea is filed without an affidavit to verify it, or where the affidavit is insufficient, the plaintiff may treat it as a nullity and sign judgment. This is all that is shewn by these cases. ( *Grah. Prac. 2d ed.* 230.) In this case the plea was verified by a sufficient affidavit. The defendant's default and all subsequent proceedings must be set aside as irregular.

Motion granted.