CHRISTIAN KREUCHI

*v.*

FREDERICK DEHLER.

</div>

1. FORMER ADJUDICATION—*trial of the right of property.* Where a trial of the right of property was had, before a justice, which resulted in a judgment against

the claimant, such trial and judgment would be a bar to an action of trover subsequently brought by the claimant against the officer, for the same property.

2.  WAIVER—*of trial by jury.*  The statutory provision requiring a jury, on a trial of the right of property, of not less than six nor more than twelve persons, is not to be considered as prohibiting the parties themselves from agreeing upon a less number than six ; nor is it to be construed, to prevent their excusing a juror by consent, after the trial had commenced, or waiving a jury altogether.

3.  Where parties, by agreement in such a proceeding, waive a jury, and permit the justice to try the cause, it cannot be objected that such waiver is an attempt to confer jurisdiction upon the justice by consent, for the jurisdiction attaches when the officer making the levy informs him that the property has been claimed, and that he has notified the parties of the time and place fixed for the trial, and the justice before whom it is to be had.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of trover, commenced before a justice of the peace of St. Clair county, by Kreuchi, against Dehler, to recover for certain personal property of the plaintiff, alleged to have been taken by the defendant as a constable, under an execution against another person.

The cause was removed into the circuit court by appeal, where a trial resulted in a judgment for the defendant.

The plaintiff brings the cause to this court by writ of error. The remaining facts in the case are presented in the opinion of the court.

Mr. WM. WINKELMAN, for the plaintiff in error.

Messrs. KASE & WILDERMAN, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question in this case is, whether the finding of the magistrate on the trial of the right of property, is a defense to this action, brought by the claimant of the property against the constable.  Kreuchi gave notice to the constable that he

12—50TH ILL.

claimed the property, whereupon the constable appointed a time and place for the trial. On the day fixed, the parties appeared in person and by attorney before the justice who was to hold the trial, and there agreed to waive a jury, and submit the case to the justice. This was done, and he found against the claimant, and so entered judgment. The claimant prosecuted no appeal, but has now brought this suit against the constable for selling the property.

The circuit court held the trial and judgment before the justice to be a bar, and, we think, rightfully. It is true, the statute provides that "the verdict of the jury" shall be an indemnity to the officer, and directs that the jury shall consist of six persons. Yet the statute must be understood as absolutely prescribing that number only in cases where the parties are not present to agree upon a less number. Neither is the provision in the statute authorizing the constable to summon not exceeding twelve jurors, by consent, to be considered as prohibiting the parties from agreeing upon less than six. The legislature undoubtedly intended to prevent more than twelve persons being called from their business to serve upon a jury, but to allow the parties to take any number under twelve upon which they could agree. We cannot suppose they intended to require them, against their wishes, to have at least six jurors, or to prevent their excusing a juror by consent, after the trial had commenced, or waiving a jury altogether, and taking the judgment of the justice. If the parties consent to accept the finding of the justice in lieu of that of six jurors, there is no reason why they should not be permitted to do so. It is said, consent cannot give jurisdiction. But here the jurisdiction was given by the notice, from the constable to the parties, of the time and place fixed for the trial, and the justice before whom it was to be had. In *Ice* v. *McLain*, 14 Ill. 64, this court said: "The trial is had in pursuance of an appointment made by the constable, and the parties are brought before the court by virtue of a notice given by him. Where the constable informs the justice that the property has been

claimed, and that he has named the time and place for the trial of the claimant's right, the justice may lawfully proceed with the case. A state of case then arises which vests him with jurisdiction, and authorizes him to hear the cause and enter the proper judgment on the finding of the jury." If, after the parties are thus brought before the justice, the claimant should consent that a judgment should be entered against him without a trial, he would surely be concluded by such judgment from bringing an action of trespass against the officer, and we cannot see why he would be less concluded when he consents that the justice shall hear the evidence, and then give such judgment as he may think it demands.

The judgment of the court below must be affirmed.

*Judgment affirmed.*