55   455
49a  354

THOMAS EVANS *et al.*

*v.*

JOSEPH LINGLE.

ABATEMENT—*of suit at law, pending suit in chancery in respect thereof.* An appeal from a justice of the peace to the circuit court being dismissed, the party appealing filed his bill in chancery to reinstate his appeal, pending which the opposite party instituted suit upon the appeal bond given on the appeal from the justice. The defendant in the suit at law pleaded the pending suit in chancery in abatement: *Held,* the pendency of the bill to reinstate the appeal, there having been no injunction obtained thereon, could not operate to abate the suit upon the appeal bond.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt, brought in the court below by Lingle against Evans and Williams, upon an appeal bond executed by the defendants, in an appeal taken from a justice of the peace in Cook county, to the circuit court, and there dismissed.

The defendants interposed a plea in abatement, as follows :

" And the said defendants, Thomas Evans and Moses Williams, by James Goggin, their attorney, come and defend the wrong when, etc., and pray judgment of the said writ and declaration, because, they say, that before and at the time of the commencement of said suit, to-wit : at the June term, in the year of our Lord, one thousand eight hundred and sixty-nine, in the circuit court of said Cook county, in the State of Illinois, the said defendant, Thomas Evans, filed his bill of complaint in said circuit court of Cook county, against the said plaintiff, Joseph Lingle, for the purpose of obtaining a new trial and to have the appeal suit, for which the bond mentioned in said plaintiff's declaration was given, reinstated in the said circuit court of Cook county, and other defendants there were in the said bill of complaint, to-wit : George H. Sitts, the justice of the peace, from whose judgment the said appeal, mentioned in said plaintiff's declaration, was taken, and Joel Lull, a constable, in whose hands a writ of execution was placed by the said George H. Sitts, upon the order dismissing said appeal suit in said circuit court of Cook county. And the said defendants, Thomas Evans and Moses Williams, further say, that the said plaintiff, Joseph Lingle, and the said defendant, Thomas Evans, are the same parties to the appeal suit, mentioned in said plaintiff's declaration, and that the said Moses Williams is the security upon the appeal bond shown in the said plaintiff's declaration. And the said defendants, Thomas Evans and Moses Williams, say, that the said bill of complaint of the said Thomas Evans, brought to reinstate said appeal suit, mentioned in the said plaintiff's declaration, is still pending and undetermined in the said circuit court of Cook county, and that the said circuit court of Cook county has jurisdiction of the said bill of complaint of the said Thomas Evans, and that the said Joseph Lingle has appeared before the said circuit court of Cook county, and made answer to the said bill of complaint of the said Thomas Evans, and this the said defendants, Thomas Evans and Moses Williams, are ready

to verify. Wherefore they pray judgment of the said writ and declaration in this suit, and that the same may be quashed."

A demurrer was sustained to the plea, and judgment in chief rendered for the plaintiff. The defendants appealed.

Mr. JAMES GOGGIN, for the appellants.

Messrs. C. & C. P. KINNEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We can perceive no ground for reversing this judgment. When the appeal was dismissed, the condition of the bond was broken, and a right of action accrued thereon.

The plea in abatement, setting up the filing of a bill in equity, without having obtained an injunction, could not abate the suit on the bond, and the demurrer to it was properly sustained. If this was not so, any judgment debtor might, by merely filing a bill in chancery, delay and suspend the collection of the judgment, when no injunction has been allowed, and this to the detriment of the creditor. If the plaintiff in error has any remedy, it must be in equity, on a bill filed for such purpose.

We think the court decided properly in sustaining the demurrer to the plea, and must affirm the judgment.

*Judgment affirmed.*