HENRY FEASLER

*v.*

CHARLES SCHRIEVER.

1. ABATEMENT—*plea in, for misnomer.* A plea in abatement by a defendant for a misnomer as to his surname, which commences: "and *the defendant*, against whom, etc., in his own person comes and says," etc., will be an admission by him that he is the person sued, and will render the plea bad on demurrer.

2. SAME—*strictest accuracy required in pleas in.* Pleas in abatement being calculated to defeat justice, are required to be drawn with strict accuracy even as to form, and if there be the least inaccuracy in them, they can not be supported.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. WM. WINKELMAN, for the plaintiff in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was *case*, for slander. Defendant was named in the summons and declaration as Charles *Schriever*, who pleaded in abatement as follows:

"And the *defendant, Charles Schreber*, against whom the plaintiff hath issued his said writ, and declared thereon by

the name of *Charles Schriever*, in his own person comes and says that he is named and called *Charles Schreber*, and by that name and surname hath always, from the time of his nativity, hitherto been named and called; without this that the said *Charles Schreber* is not, *nor never* was, named and called by the name of *Charles Schriever*, as by the said writ and declaration thereon founded is supposed; and this said *Charles Schreber* is ready to verify; wherefore he prays judgment that the said writ and declaration be quashed.

CHARLES SCHREBER."

The plaintiff demurred specially. The court overruled the demurrer, and the plaintiff electing to abide by his demurrer, judgment was given for defendant. The case is brought to this court by writ of error.

By the introduction of the words "and the defendant," the defendant has admitted himself to be the person sued. This, according to the authorities, renders the plea bad. *Roberts* v. *Moore*, 5 Term R. 487. In that case, Lord KENYON, Chief Justice, said: "The court can not hold too strict a hand over these sorts of pleadings, which are calculated to defeat the justice of the case. If indeed a plea in abatement be drawn correctly, the court can not deprive the defendant of the benefit of it. But if there be the least inaccuracy in it, it can not be supported." Now the defendant, by introducing the word "said," has admitted himself to be the person sued, and, according to the case last cited, it is bad. To the same effect is *Hyde* v. *Watson*, 1 Denio, 670. Here the misnomer is as to the defendant's surname. The form of the plea is not adapted to such a case. See form, 3 Chit. Pl. 903.

The court erred in overruling plaintiff's demurrer to the plea, and for this error the judgment is reversed and the cause remanded.

*Judgment reversed.*