# EDWARD H. HERRICK *et al.*

*v.*

# HENRY L. SWARTWOUT

1. PRACTICE—*how to avail of defect in declaration.* The objection that
the declaration in a suit on a bond given upon an appeal from the circuit
court to the Supreme Court, does not show that the bond sued on was taken
and approved as the appeal bond of the defendants in the circuit court, can
not be urged as error in the Supreme Court, if the defendant, instead of de-
murring to the declaration, pleads to the merits.

2. NUL TIEL RECORD—*whether a proper plea.* Although the bond upon an appeal from the circuit to the Supreme Court is required to be filed in the office of the clerk of the court from which the appeal was taken, the obligee in the bond has the right to bring suit on the bond, and it is proper for him to so bring his suit and not on the record, and a plea of *nul tiel record* is not a proper plea to such action.

3. A PLEA OF NON EST FACTUM, not sworn to, in a suit on an appeal bond, does not put the execution of the bond in issue.

4. ESTOPPEL—*to deny recital in condition of bond sued on.* In a suit upon a bond given upon an appeal to the Supreme Court, it is unnecessary to introduce a copy of the record of the judgment appealed from, when it is recited in the condition of the bond, as the defendant is estopped from denying its existence.

5. LEVY OF EXECUTION—*on real estate, is not a satisfaction such as to prevent collection in some other manner.* The levy of an execution upon real estate of sufficient value to satisfy it, does not, like the levy of an execution on personal property, while the levy is undisposed of, act as such a satisfaction of the judgment as will bar an attempt to enforce its collection in any other manner.

6. In a suit upon an appeal bond given on an appeal from a judgment against the defendant and in favor of plaintiff, a plea that an execution issued on such judgment was levied upon the lands, tenements, goods and chattels of the defendant of sufficient value to satisfy the judgment, is bad on demurrer, as from such averment the value of the goods and chattels by themselves must be presumed to be insufficient to satisfy the judgment.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellants.

Mr. B. B. SMITH, and Mr. W. R. HUBBARD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The objection that the declaration does not show that the bond in suit was taken and approved as the appeal bond of the defendants, in the circuit court of Cook county, comes too late. By failing to demur, and pleading to the merits of the declaration, the defendants waived the objection, and it can not now be urged as error. *Evans* v. *Lohr*, 2 Scam. 514; *Wallace* v. *Curtiss*, 36 Ill. 158; *Commercial Insurance Co.* v. *Treasury Bank*, 61 id. 483; *Lusk* v. *Cassell*, 25 id. 209; *Nelson et ux.* v.

*Borchenius*, 52 id. 236.   Although the bond was required by statute to be filed in the office of the clerk of the court from which the appeal was prayed, yet it is expressly provided by the same section, that "the obligee in such bond may at any time, on a breach of the condition thereof, have and maintain an action at law as on other bonds." 2 Gross, 291, sec. 67.   The suit, therefore, is properly brought on the bond, and not on the record; and *nul tiel record* is not a proper plea to the action. *Arnott et al.* v. *Friel*, 50 Ill. 175.   The plea of *non est factum* not being sworn to, the execution of the bond, as declared on, was not put in issue.   *Frye* v. *Menkins*, 15 Ill. 339; *Home Flax Co.* v. *Beebe*, 48 id. 138.   No error is, therefore, perceived in admitting the bond in evidence.

The objection that the record of the judgment in this court, read in evidence, should have been rejected, because it varied from the judgment described in the declaration, even conceding that the variance claimed actually existed, is fully answered by *Nowlin* v. *Bloom*, Breese, 138: "The judgment was not the foundation of the action, but was only brought in collaterally, to prove another fact, and, for that purpose, was sufficiently described in the declaration."   See, also, 1 Greenleaf on Evidence, sec. 70.

It was unnecessary to introduce a copy of the record of the judgment appealed from, as it is recited in the condition of the bond, and the defendants were estopped from denying its existence.   *Smith* v. *Whitaker*, 11 Ill. 418; *Arnott et al* v. *Friel*, *supra.*

The only remaining objection insisted upon is, that the court erred in overruling the demurrer to the 5th plea, in which it is alleged that an execution, issued upon the judgment appealed from, was "levied upon the lands, tenements, goods and chattels of the said Edward Herrick, of sufficient value to satisfy said judgment," etc.   What was the reasonable value of the lands, tenements, goods and chattels, separately, the plea does not allege.

From the averment we must conclude that the goods and chattels, of themselves, are not of sufficient value to satisfy the

execution. The levy of an execution upon real estate of sufficient value to satisfy it, does not, like the levy of an execution on personal property, operate, while the levy is undisposed of, as such a satisfaction of the judgment as will bar an attempt to enforce its collection in any other manner. *Gregory et al.* v. *Stark et al.* 3 Scam. 611; *Gold* v. *Johnson*, 59 Ill. 63. The demurrer was properly sustained.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*