# WILLIAM LOWRY
v.
# S. D. KINSEY.

*Replevin—Pleading—Plea—Replication—Demurrer—Surplusage—Estoppel—Attachment—Interpleader—Pendency of Another Action.*

In an action of replevin to recover certain property held by the defendant as Sheriff under a writ of attachment, it is *held:* That the fourth plea is not vitiated by the surplusage contained therein; that it does not amount to a plea of estoppel; that the claim of the plaintiff in this suit is not inconsistent with that set up by him by way of interpleader in the attachment proceedings; that no bar was set up in the plea except that of justification, or of property in a third person; that the replication was sufficient and the demurrer to it improperly sustained; and that, if the defendant wished to raise the question whether there was such another action pending as would abate this suit, he should have filed the proper plea in abatement.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. WM. DON MAUS, W. R. CURRAN and A. B. SAWYER, for appellant.

Messrs. RIDER & PRETTYMAN, for appellee.

PLEASANTS, J.  Appellant brought this action of replevin, June 3, 1886, to recover a certain ice-house and tools which appellee, as Sheriff, had taken under a writ of attachment against John Lowry.

Defendant pleaded (1) *non cepit;* (2) *non detinet;* (3) property in defendant, and (4): "That at the said time, when, etc., he, the said defendant, was Sheriff of said Tazewell County, and on the 12th day of March, 1886, one John Lowry was the owner of said property in this cause alleged, and was a non-resident of said State, and as such was then and there justly

indebted unto one Henry Ziegenheim in the sum of, to wit, $2,500; and on said 12th day of March, 1886, said Ziegenheim sued out of the office of the clerk of the Circuit Court of said county, and under the seal thereof, a writ of attachment against the property of said John Lowry to recover said sum of money so due and owing to him from said John Lowry, which said writ of attachment was directed to the Sheriff of said county to be executed, and on said 12th day of March, 1886, said writ of attachment came to the hands of said defendant as such Sheriff to be executed, dated March 12, 1886; and said defendant avers that said debt was then due from said John Lowry to said Ziegenheim, and said writ of attachment then in full force and effect, and defendant then and there, as Sheriff of said county, by virtue of said writ, then and there levied the same upon the said property in said declaration mentioned as the property of the said John Lowry and subject to said attachment, and by virtue thereof, and as Sheriff as aforesaid, did then and there levy upon and take possession and custody of said property, being the same property in the declaration in this cause named; and he further avers that the same was then and there the property of said John Lowry, and subject to said writ of attachment, which was returnable to the May term, A. D. 1886, of said court; and said defendant further avers that said John Lowry was then and there duly served with said process in said cause, and pleaded therein to said May term of said court, and on issue then joined therein, verdict and judgment of said court in said cause of Ziegenheim v. John Lowry was rendered in favor of said Ziegenheim, and against said John Lowry, for the sum of $2,359.09 and costs of suit, by said court, on the ——— day of May, 1886, which said debt and writ and said judgment aforesaid was at all times, and still is, due and unpaid and in full force and effect, and the money due thereon wholly unpaid and unsatisfied to said Ziegenheim, and said defendant avers that said writ of attachment so levied upon said property was never dissolved, annulled or dismissed, or in any way canceled or impaired, but remained at all times in full force and effect, and said debt at all times so due; and defendant further

avers that, to wit, on the 4th day of May, 1886, the said plaintiff, William Lowry, interpleaded in said cause of Ziegenheim v. John Lowry, and became a party to said prosecution in relation to said property attached, and then and there alleged that said property in the declaration in this cause mentioned was the property of him, said William Lowry, and not the property of said John Lowry, or subject to attachment against John Lowry, on which allegation in said interpleader said Ziegenheim took issue, and the said cause and issue on said interpleader of said William Lowry aforesaid is still pending for trial, and is undetermined before the said Circuit Court of said county, and wholly undisposed of, uncanceled and not dismissed or abandoned in or before said court: and defendant further avers that the said property in said declaration mentioned at said time, when, etc., was, and still is, the property of said John Lowry and subject to said writ of attachment aforesaid, and was then, and is, in the custody of the law, and was not, and is not, subject to the writ of replevin by plaintiff in this cause, and said defendant, as Sheriff of said county and officer of the law and of said court, was then and there lawfully entitled to the possession thereof, and plaintiff having elected to interplead and claim said property in said cause against John Lowry, etc., plaintiff is estopped to bring replevin therefor *without this*, that the said goods and chattels, or any part thereof, in the said declaration mentioned were, or are, the goods and chattels or property of the said William Lowry, as by said declaration is above alleged, and supposed," concluding with a verification.

To this plea the plaintiff demurred, assigning for causes that (1) it tenders an immaterial issue; (2) it amounts to the general issue; (3) it professes to be a plea of justification, of former recovery, and of another action pending; (4) it is bad as a plea of justification; (5) the former recovery attempted to be set up is not for the same cause of action, nor between the same parties, nor does it show that any judgment has been recovered in the former action and recovery pleaded; and (6) is a joinder of pleas in abatement and to the merits.

The demurrer was overruled, and thereupon plaintiff replied as follows:

"*Precludi non*, because he says, that all the property, goods and chattels in the said declaration mentioned at the said time, when," etc., "was the property, goods and chattels of him, the plaintiff, and was not the property of the said John Lowry, and was not subject to said writ, as is by said plea alleged, to wit, at the county and State aforesaid," concluding to the country.

To this replication the defendant demurred on the grounds alleged, that (1) the issue tendered by the replication is upon the inducement and not upon the *gravamen* of said plea; (2) the issue tendered is immaterial; (3) the question of property in John Lowry is not the issue tendered by said plea; and (4) the replication admits the estoppel pleaded.

The demurrer was sustained, and the plaintiff abiding by the replication, final judgment on the demurrer was entered against him for costs and a writ of *retorno habendo* awarded.

The ruling and judgment upon this demurrer being the only errors here assigned, the single question for us is whether the replication was sufficient; and the answer must be determined by the character of the plea.

What, then, is the defense set up or the issue tendered by it? If it can be fairly treated as a plea of justification, or of property in John Lowry, the replication was good; and it can not well be doubted that it does contain, in due form, all the matter required for either, though with much else that would be surplusage. Thus, as a plea of justification, the averments of final judgment in the attachment suit, and all that relate to the fact and effect of the interpleader, would be immaterial; but omitting these, there would remain just that plea, in matter and form. So, as a plea of property in John Lowry, the averment of that fact as inducement, followed by a traverse of the allegation of property in the plaintiff, as in the *absque hoc*, would have sufficed. But mere surplusage does not vitiate.

Appellee insists, however, that it is neither, but a plea of estoppel, and also in bar of the right claimed, upon the same facts; that in interpleading, under the circumstances stated, he elected another form of action, with which this is inconsistent,

Lowry v. Kinsey.

and which therefore estops the bringing of this, and also thereby solemnly admitted that the property was in custody of the law so that he could not be entitled to the possession of it, as he must be in order to replevy.

Now if the plea in this view is no more free from surplusage than in the other, and is chargeable besides with graver faults, then it would not be unfair to the defendant to treat it as of a character in which it would be substantially good.

With reference to the estoppel, the averments that John Lowry was the owner and in possession of the property, that it was subject to the writ of attachment, that the defendant therein was personally served with process, and that there was a final judgment against him therein, and the traverse under the *absque hoc*, were all surplusage, it was enough to aver that at the time when, etc., the defendant, as Sheriff, and by virtue of the writ, levied on the goods as the property of John Lowry, and that plaintiff interpleaded. But further, the plea shows that the estoppel claimed was by matter which must have been of record, and yet fails to aver any record. And still further, it shows that the proceeding by interpleader was not in fact or law inconsistent with any claim made by plaintiff in this action. For the court will take judicial notice that in that proceeding he could and did claim nothing more than title to the property attached, and that no other question or issue was or could be involved, and the plea shows that he makes precisely the same claim here, together with others which follow from and strictly consist with it. Then it does not show a proper estoppel, in fact or law, but only another action pending, which, if for the same cause between the same parties, would be matter of abatement, but not an estoppel. He might dismiss his interplea and then renew this action. Moreover, this matter of abatement is not pleaded in proper form, and is also improperly joined with matter in bar.

The same averments that would have presented the alleged estoppel would have also sufficed to show the alleged bar by admission, leaving as much surplusage as in the other aspect of it. But regarding this as a bar, it would waive the pending of the other proceeding, the effect of which at most would be to abate the present action.

We hold that the facts set forth do not show or amount to such admission, but think the pendency of the other proceeding was waived by other matter in the plea, which, as a whole, was confessedly pleaded in bar, whatever the supposed bar really presented by it may be.

That the interplea did not of itself admit that the goods were in custody of the law, must be manifest. By that act the plaintiff alleged that he, and not John Lowry, owned the goods taken by the defendant, and that therefore they were not subject to the writ which was against John Lowry. Unless they were the property of John Lowry they were not in the custody of the law, nor rightfully in that of the defendant, its minister, except as against him. There was no warrant in law for such custody except as against him. In Dunham v. Wykoff, 3 Wend. 280, the court say, that "in Clark v. Skinner, 20 Johns. 467, Mr. Justice Pratt has shown very conclusively that that proposition is correct only as between the defendant in the execution and the officer." The reason is that in such case the real owner is, by virtue of his ownership, constructively in possession, though the actual possession may be in the defendant in the writ. The levy on goods of William, under a writ against John, is not a legal levy, and as to William. the officer is a trespasser.

In Roberts v. Dunn, 71 Ill. 50, cited by counsel, the goods said to be in such custody were the property of the defendant in the writ. By interpleading, then, the plaintiff expressly denied what counsel say he admitted, and the supposed bar of admission is not set up in the plea.

It follows from the foregoing that no bar was therein set up except that of justification or of property in John Lowry; to either of which alike, and necessarily traversing the allegation of property in the plaintiff, the replication was sufficient, and the court erred in sustaining the demurrer thereto.

Whether there was such another action pending as would abate this suit we do not determine, because in our view that question is not properly before us. If the defendant wished to raise it he should have filed the proper plea in abatement and taken his chances upon such issue as might have been

made up thereon. He can not have the benefit of it under a plea which is avowedly in bar.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

*Note.*—The companion case of James H. Morris v. S. D. Kinsey is for the same reasons reversed and remanded.