## Shepardson, Ex'r., v. McDole.

1. *Forcible Detainer.*—A suit in forcible detainer is governed by the same rules as other cases at law, except that the plea of not guilty is sufficient to admit evidence of any defense to the merits.

2. *Abatement—Former Suit Pending.*—The pending of another suit for the same cause is matter in abatement, to be taken advantage of by

Shepardson v. McDole.

plea; and whether in a suit of forcible detainer a formal written plea was necessary or not, it is essential, in case the pending of another suit is to be made a defense, that it be pleaded in abatement, and unless the matter relied upon appears of record the requirement of the statute must be met by oath or affidavit.

3. *Notice to Quit.*—Where a person in possession of land claims to hold the same adversely, or where he claims by a title inconsistent with the relations of landlord and tenant, no notice to quit is necessary before bringing a suit to oust him from the possession.

4. *Abatement—What is—Former Suit Pending.*—The pending of a suit in chancery by a person in possession of land asking for a specific performance of an alleged verbal agreement between him and his deceased father, is not such a suit as can be pleaded in abatement, in an action of forcible detainer brought against him by the executor of the father's last will and testament.

5. *Abatement—Former Suit Pending—Reasons for the Rule.*—The reasons for abating a second suit, is that the defendant may not be vexed with a suit that is useless on account of the pendency of another suit in which the plaintiff may have the same remedy. But, in order to have the effect to abate the second suit, the remedy, furnished by the first action, must be complete for the same thing for which the second was brought.

Memorandum.—Forcible detainer. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the December term, 1892. Opinion filed May 25, 1893.

The statement of facts is contained in the opinion of the court.

HOPKINS, ALDRICH & THATCHER, attorneys for appellant.

LITTLE & MONTONY, attorneys for appellee.

OPINION OF THE COURT, CARTWRIGHT P. J.

Appellant, as executor of the last will and testament of Rodney McDole, deceased, brought this action in forcible detainer before a justice of the peace to recover possession of about 230 acres of land. The justice dismissed the suit for want of jurisdiction. On appeal to the Circuit Court the cause was submitted to the court for trial without a jury, and was tried upon an agreed state of facts which may be briefly stated as follows:

Rodney McDole was, in his lifetime and at his death,

May 13, 1891, the owner in fee of the premises in question, and by his last will and testament, duly admitted to probate, and in full force and effect, appellant was appointed executor and directed to rent the home farm, which included said premises, until sold, and to sell the same within five or six years after the testator's death, and distribute the proceeds. Appellant qualified as executor and made demand in writing February 24, 1892, upon appellee, for immediate possession of said premises, and commenced this suit March 19, 1892. Appellee was in possession of the premises when demand was so made, and has continued in such possession. Prior to the commencement of this suit appellee filed a bill in chancery in the Circuit Court of Kane County, against appellant as executor, and the persons interested in the estate of Rodney McDole, asking for a specific performance of an alleged verbal agreement between complainant and his father, the said Rodney McDole, and averring in said bill that complainant was to have possession of said premises and work the same on shares during the lifetime of his father, and at his death was to have the same upon payment to the estate of $2,500 within two years after such death, in pursuance of which alleged agreement complainant claimed to have taken possession and made permanent improvement on the land. The defendants to that bill were brought into court and answered the same, denying the making of the agreement alleged and averring that possession of the premises was acquired and held as tenant of Rodney McDole, and that an agreement had been made by the heirs of Rodney McDole to which complainant was a party, providing for a division of the estate and an arbitration as to the value of improvements put on the premises by complainant. Appellant filed no cross-bill in the chancery suit, and did not ask for any affirmative relief, and said chancery suit was still pending and undetermined.

Appellant submitted to the court in various forms the proposition of law that this suit in forcible detainer could be maintained notwithstanding the pendency of the chancery suit commenced by appellee for specific performance,

but the court refused to so hold, and thereupon found appellee not guilty, and rendered judgment against appellant for costs.

It is contended for appellant, that inasmuch as it was agreed that Rodney McDole, owner of the premises, and appellant became entitled to possession under the will, and demanded possession, and there was no evidence of any right to possession in appellee, the judgment was wrong. On the other hand, it is claimed that the court was right, because appellee had filed the bill claiming the right to possession, and the suit was pending, and also because appellant, in his answer to the bill in that case, had claimed that appellee was a tenant of Rodney McDole, and in this case had failed to show that sixty days notice to terminate such tenancy, had been given. Much of the arguments addressed to the court relate to family history, and dealings not in evidence, nor in any way affecting the decision of this case, which will not be noticed.

This case is governed by the same rule as other cases at law, except that the plea of not guilty is sufficient to admit evidence of any defense on the merits. The pendency of another suit for the same cause, is matter in abatement to be taken advantage of by plea to the action of the writ. 1 Chitty Pl. 454; Gould Pl., Chap. 5, Sec. 122. Whether in this case a formal written plea was necessary or not, it was essential in case the pendency of the chancery suit was to be made a defense to the writ, that it should be pleaded in abatement, and unless the matters relied upon appeared of record, that the requirements of the statute should be met by oath or affidavit. Greer v. Young, 120 Ill. 184; 3 Chitty Pl. 903, note Y; Rev. Stat., Chap. 1, Sec. L. There was nothing in the nature of a plea in abatement interposed in this case, and nothing putting that matter in issue.

If the pendency of the chancery suit was the basis of a judgment in this case, then if the issues were found for defendant the judgment would be that the writ be quashed. Cushman v. Savage, 20 Ill. 330. But the judgment of the court

was not on the writ, but in bar on the merits, and conclusive between the parties, that appellee was not guilty of unlawfully withholding the premises. But if the question should properly arise in this suit, the pendency of the chancery suit could not be made available by appellee in abatement of the writ. In order to have that effect the remedy furnished in the first action to the plaintiff in this action must be complete for the same thing for which this action was brought. The reason for abating the second suit is that the defendant may not be vexed with a suit that is useless on account of the pendency of another suit where the plaintiff may have the same remedy. If there was no remedy in the chancery suit for what was sought in this suit, which could be there furnished to appellant, or but a partial or ineffectual one, a plea in abatement could not prevail. It is manifest that the court in the chancery case had not acquired any right to act judicially and by its decree afford to appellant the remedy sought in this suit, or any adequate or effectual substitute for it. No injunction had been allowed and the complainant was merely seeking relief for himself, and had not brought the question involved in this suit before the court in such a way as to afford appellant any remedy whatever in that suit. If the complainant should not dismiss his bill, and it should proceed to final hearing and he should be defeated, all that the court could do would be to dismiss the bill, and it would not only be unable to give appellant the specific thing sought in this suit, but would leave him without relief for the rents and profits of the premises. This suit could not, therefore, be abated on account of that one.

If this were not so, any person in the possession of land might, by merely filing a bill in chancery, retain such possession when no injunction has been allowed, and prevent the rightful owner, entitled to the possession, from asserting his right, and thereby cause a loss of rents and profits. Such is not the rule. Evans v. Lingle, 55 Ill. 455; Branigan v. Rose, 3 Gil. 123.

The remaining claim, that the suit could not be main-

tained without a previous notice to terminate a tenancy, served sixty days before the end of the year, is without merit. It is true that appellant in the chancery suit had alleged that there was a tenancy, but appellee in his bill had set up a title inconsistent with the relation of landlord and tenant. He claimed an equitable right to the premises and could not insist upon receiving the notice to which a tenant would be entitled while expressly repudiating any tenancy. McGinnis v. Fernandes, 126 Ill. 228; Herrell v. Sizeland, 81 Ill. 457.

The judgment of the Circuit Court will be reversed and the cause remanded.