## Henry W. Rogers v. Charles G. Barth, et al.

### Gen. No. 11,366.

1. SPECIAL TRAVERSE—*what essential to.* Where a plea is what is known as a special traverse, the inducement should be in substance a sufficient answer to the declaration, though not a direct denial nor yet confession and avoidance, and such a plea should conclude with a traverse which goes to a material point of the declaration upon which the merits may be tried.

2. SPECIAL TRAVERSE—*how, should be answered.* A plea which is in effect a special traverse should be answered by joining issue thereon.

3. NUL TIEL RECORD—*when plea of, improper.* A plea of *nul tiel* record is not a proper plea where the action is based upon a bond and not upon a record.

4. EVIDENCE—*what, competent, in action of debt upon appeal bond.* In an action of debt upon an appeal bond evidence offered under an appropriate plea which tends to show that the condition of the bond has not been broken, is competent.

STEIN, P. J., dissenting.

Action of debt upon bond. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed November 29, 1904.

Statement by the Court. This is an action of debt upon an appeal bond, signed by appellant as surety for one Archibald G. Ellair, against whom a judgment had been rendered by a justice of the peace, from which judgment Ellair appealed to the Circuit Court.

The bond recites the recovery of the judgment against Ellair, that he has appealed to the Circuit Court, and is conditioned that if he shall prosecute his appeal with effect

or pay whatever judgment may be rendered in the Circuit Court, or in case the appeal is dismissed, or the controversy settled by the parties to the suit without trial, shall pay the judgment rendered by the justice and all costs made before the justice and occasioned by said appeal, then the obligation to be void; otherwise to remain in full force and effect.

The amended declaration filed October 20, 1902, avers that although the said appeal was dismissed at the April term of the Circuit Court, to wit, April 21, 1902, the judgment has not been paid, nor interest thereon, nor the costs. To this declaration the defendant pleaded *non est factum, nil debet* and *nul tiel record.* A demurrer to the last two pleas having been sustained, the defendant by leave of court filed, November 11, 1902, additional pleas. The first of these is an amended plea of *nul tiel record*, wherein the defendant says that there is no record in the Circuit Court of Cook county showing that at the April term, 1902, to wit, on the 21st of April, 1902, the said appeal mentioned in the declaration was dismissed; nor is there any record of said court showing that said appeal was dismissed at any time. To this amended plea of *nul tiel record* a demurrer was sustained.

The second of the additional pleas filed by leave of court sets up as inducement that no transcript of the justice's judgment was ever filed in the Circuit Court, wherefore it is said the Circuit Court never had jurisdiction to dismiss the appeal in the declaration mentioned: " without this, at the April term, 1902, of said Circuit Court, to wit, on the 21st day of April, 1902, by the consideration and judgment of the said Circuit Court the said appeal was dismissed and the costs of the plaintiff in that behalf taxed at $1.50, whereof the said Archibald G. Ellair was convicted, and this defendant is ready to verify."

HARRY R. HURLBURT, SAMUEL F. KING and JULE F. BROWER, for appellant.

E. A. SHERBURNE, for appellees.

Rogers v. Barth.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The substance of the second additional plea, however inartificially drawn, is first an argumentative denial that the Circuit Court ever had jurisdiction to dismiss the appeal taken from the judgment of the justice, and second, a specific denial under the *absque hoc* that it ever did so dismiss said appeal. To this plea appellees' attorney filed a replication. The plea is what is known as a special traverse, wherein the inducement should be in substance a sufficient answer to the declaration, though not a direct denial nor yet confession and avoidance, and " the traverse with which it concludes must go to a material point which will try the merits of the cause." The State ex rel. v. Chrisman and others, 2nd Ind., 126–129. If the special traverse was good the only way of answering it was to join issue upon it. *Idem*, p. 130, citing Stephen on Pleading. See also Encycl. of Pl. & Pr., vol. 16, p. 547. The traverse with which the plea concludes under the *absque hoc* denies that the appeal from the justice to the Circuit Court ever was dismissed in that court, and if true would determine the case on the [merits. If the appeal had not been dismissed as averred in the declaration then the condition of the bond had not been broken in that respect, and no recovery could be had for a breach which had not occurred.

In support of the declaration, appellees' attorney offered in evidence the bond sued upon, together with a certified copy of an order of the Circuit Court entered April 21, 1902, dismissing the appeal taken to that court from the judgment of the justice, and proved the amount claimed to be due on the bond, including costs and interest on the judgment rendered by the justice. The defendant then endeavored to introduce evidence tending to show that the order of dismissal of April 21, 1902, was entered on a general call of all law cases pending in the Circuit Court under a general order of that court that cases so dismissed on such a call may, for good cause shown, be reinstated within ninety days from the date of such dismissal, and offered a certified copy of an order of the Circuit Court entered

August 9, 1902, which was in the July term of that court, into · which the ninety days allowed for reinstatement extended, showing that a motion was made in open court to set aside the dismissal of the appeal from the judgment of the justice; that the motion was continued, and that at a subsequent term the motion was granted, and the order of dismissal and judgment entered April 21, 1902, was vacated and the cause reinstated. This evidence was objected to and the objection "sustained under the pleadings." To this ruling an exception was duly preserved. The state of the pleadings is such that it is not perhaps strange the trial court was misled, since so far as appears its attention was not called to the second additional plea to which a replication had been filed in an attempt to join issue upon it. Appellant's attorneys sought leave to refile a plea of *nul tiel record*, which is not a proper plea to the action where suit is brought on the bond and not on the record. Mix v. The People, 86 Ill. 329–332; Herrick v. Swartwout, 72 Ill. 340–342; Kreuchi v. Dehler, 50 Ill. 176. We are of opinion, however, that the excluded evidence should have been admitted. It tended to sustain the special traverse, and to show that the appeal from the justice never was dismissed by any final order. It tended to show that the order of dismissal of April 21, 1902, set up in the declaration had been set aside while the trial court still retained jurisdiction so to do, and the cause reinstated. It contradicted the averment of the declaration that the appeal stood dismissed, and tended to show that the condition of the bond was not broken as the plaintiffs contended. The exclusion of the evidence enabled appellees to recover judgment for an alleged breach of the condition of the bond which apparently had not occurred, ·since no such final order of dismissal and judgment as the bond contemplated had ever been entered, and the appeal was still pending and undetermined for which the bond sued upon was given. Surely no judgment can be sustained on an appeal bond conditioned that the principal in the bond shall prosecute his suit with effect, while the suit itself is undetermined.

Other points are presented in the briefs which, in view of the conclusion stated need not be discussed.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Presiding Justice STEIN, dissenting.