## The Aetna Indemnity Company v. Charles C. Spencer.

### Gen. No. 13,078.

1. CROSS-ERRORS—*when need not be assigned.* It is not sufficient ground for setting aside a correct judgment that the trial court has on a motion to strike out an amended plea in abatement previously erred in appellant's favor. The propriety of the court's action in that respect may be considered without assignment of cross-errors.

2. PLEA IN ABATEMENT—*how must be verified.* An affidavit in support of a plea in abatement must state positively the truth of the facts relied upon.

3. PLEA IN ABATEMENT—*propriety of permitting amendment to.* A plea in abatement is not amendable, and it is error to permit the amendment of a plea in abatement.

4. FORMER SUIT PENDING—*character of plea of.* A plea of former suit pending is strictly a plea in abatement.

5. APPEAL BOND—*to whom, should run, upon death of nominal plaintiff.* Where the nominal plaintiff in an action at law dies after judgment and before the perfecting of the appeal, the bond given upon the appeal should properly run to the beneficial plaintiff.

Action of debt upon bond. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed May 28, 1907. Rehearing denied June 14, 1907.

**Statement by the Court.** This is a suit on an appeal bond filed in this court upon allowance of an ap-

peal to the Supreme Court from a judgment of this court, which judgment was affirmed by the Supreme Court. U. S. Wringer Co. v. Cooney, 214 Ill. 520.

The present suit was begun by *praecipe* filed May 5, 1905, and summons issued and declaration filed the same day. The suit was brought by Julia M. Cooney and the papers and proceedings were—May 16, 1905, —amended by inserting after said plaintiff's name the words "for use of Charles C. Spencer" and other words necessary to indicate the latter's beneficial interest.

May 22, 1905, defendant, The Aetna Indemnity Co., surety on the bond sued upon, filed a plea in abatement setting up in substance that prior to the commencement of this action, though on the same day, an attachment suit was brought in the Common Pleas Court in Franklin county, State of Ohio, by the United States Wringer Company against Julia M. Cooney as principal defendant and against The Aetna Indemnity Company as garnishee seeking to attach the same indebtedness—that of the United States Wringer Company itself and of its surety the Indemnity Company— upon the appeal bond, to recover which the suit at bar was brought. The plea in abatement was verified by an affidavit in which the affiant stated that the plea was true "to the best of his knowledge and belief." Five days later, May 27, 1905, the same plea was by leave of court refiled *nunc pro tunc* as of the date when first filed, with however the verification amended by omission of the words "to the best of his knowledge and belief." The same day plaintiff moved to strike both the original and amended pleas from the files. The court denied the motion and plaintiff preserved by bill of exceptions his objections to the denial of the motion.

May 29, 1905, plaintiff filed a general and special demurrer to the plea in abatement. June 5, 1905, the court sustained the demurrer, but gave defendant

leave to amend, to which leave plaintiff again preserved exceptions. June 13, following, The Aetna Indemnity Company filed an amended plea in abatement setting up substantially the same defense with more detailed averments than the original plea. Subsequently plaintiff's motion to strike this amended plea from the files was denied, to the denial of which motion plaintiff again preserved exceptions.

Plaintiff thereafter filed a general demurrer to the amended plea in abatement, which on February 13, 1906, was sustained. The defendant elected to stand by its plea and judgment was entered against it for $6,000 debt and $5,938.82 damages, from which The Aetna Indemnity Company prosecutes this appeal.

February 23, 1906, before the expiration of the twenty days allowed appellant to file its appeal bond had expired, Julia M. Cooney, the nominal plaintiff, died, and her death was suggested of record. Appellant thereupon moved for a rule on the beneficial plaintiff, Charles C. Spencer, to show by what right or authority he had used the name of the nominal plaintiff, Julia M. Cooney, which motion the court denied and ordered that the appeal bond be made in favor of the beneficial plaintiff, Charles C. Spencer.

JUDAH, WILLARD, WOLF & REICHMANN, for appellant.

McCLELLAN & SPENCER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the alleged prior Ohio attachment by way of garnishment is pleadable in abatement, and this even though the title of the plaintiff in this suit became by amendment "Julia M. Cooney for the use of Charles C. Spencer," that the amended plea in this suit is sufficient in form

and that the appeal bond should run to the personal representatives of the nominal plaintiff, the death of the latter having occurred after the rendition of the judgment and after appeal prayed therefrom, but before the appeal was perfected by filing bond.

It is insisted, however, in behalf of appellee that the Circuit Court erred in granting leave to appellant to amend its plea in abatement and in denying appellant's motion to strike the amended plea in abatement from the files. The trial court sustained appellee's demurrer to the original plea in abatement with its amended verification. Leave was given, over appellee's objection and exception, to amend the plea in abatement within five days. Accordingly appellant filed its second amended plea in abatement, the plea by which it subsequently elected to stand when the court sustained appellee's demurrer thereto. In appellant's reply brief no answer is made to appellee's contention that it was error to grant leave to amend the plea in abatement, but it is said that inasmuch as appellee did not assign cross-errors, "the question of the propriety of the action of the court below in granting leave to amend the plea in abatement is not properly before the court." We are unable to concur in the suggestion of appellant's counsel that this question is not before us because cross-errors are not assigned. Appellant is here asking us to set aside a judgment against it. If the judgment is correct upon the record it must stand and it is no reason for setting it aside that the trial court before reaching its final judgment may have erred in appellant's favor and erroneously denied a motion to strike out the amended plea. In The Indianapolis, Peru and Chicago Railway Company v. Summers, 28 Indiana, 521-523, where the lower court had sustained a demurrer to a plea in abatement it was said: "The proper practice where the plea is filed without being verified, would be to move to reject or strike it from the rec-

ord; but as the proper result was reached in the case at bar, the case should not be reversed because of the error in the mode.''

There seems to be no reasonable question that the affidavit verifying the original plea in the case at bar was insufficient. Such affidavit in support of a plea in abatement must state positively the truth of the facts relied on. A statement that they are true to the best of the affiant's knowledge and belief, as made in the affidavit in support of the plea in question, is not sufficient. King v. Haines, 23 Ill. 280-281. The statute provides (R. S. chap. 1, sec. 1) that no plea in abatement other than to the jurisdiction of the court, or when the matters relied upon to establish the truth thereof appear of record, shall be admitted unless verified by affidavit. It is said in the case above cited that ''the statute requires an affidavit of the truth and not of the mere probable truth of the plea.'' Appellee urges that this defect in the affidavit was fatal, that a plea in abatement is not amendable, and that the plea in question endeavoring to set up the pendency of another suit is strictly a plea in abatement and could not be amended. That the plea in the case at bar is for the reason stated strictly a plea in abatement we think is true (Shepardson v. McDole, 49 Ill. App. 350-353; Lowry v. Kinsey, 26 Ill. App. 309-314; Garrick v. Chamberlain, 97 Ill. 620-627), and it is well settled that ''pleas in abatement cannot be amended.'' Encyc. of Pl. & Pr. Vol. 1, p. 26. In Davids v. The People, 192 Ill. 176-185, the court cites Feasler v. Schriever, 68 Ill. 322-323, where it was ''held that pleas in abatement being calculated to defeat justice are required to be drawn with strict accuracy even as to form and if there is the least inaccuracy in them they cannot be supported.'' In Bacon v. Schepflin, 185 Ill. 122-130, the court said: ''pleas in abatement are not amendable because they are dilatory and do not go to the merits of the action.

Moreover when the defendant has filed a plea in abatement and the court has disposed of it, it is irregular to file another plea of the same character and if such a plea is filed it may be stricken from the files'' (citing Cook v. Yarwood, 41 Ill. 115). The Statute of Amendments and Jeofails (chap. 7, sec. 11) especially provides that no part of the act shall extend ''to any plea in abatement.'' In Dunaway v. Goodall, 3 Ill. App. 197-199 *et seq.*, the effect of this statute and the twenty-third section of the Practice Act are considered, and the conclusion stated that pleas in abatement are not amendable. The court in that case holds as follows in conclusion: ''The Circuit Court on sustaining the demurrer to the plea should have denied leave to amend the plea and required the appellees to plead to the declaration.'' In Cook v. Yarwood, 41 Ill. 115-118, it is said: ''Appellant had no right to file an amended plea in abatement after the first was stricken from the files.'' Among authorities sustaining these views are Gould's Pleadings, chap. V, sec. 66, 5th ed.; Pitts Sons' Mnfg. Co. v. Com. Nat. Bk., 121 Ill. 582-587; Trinder v. Durant, 56 Wendell (N. Y.) 74; Puterbaugh's Pl. & Pr. 39. It follows that the judgment in this case was right, whether the court erred or not in sustaining plaintiff's demurrer to the amended plea.

The judgment was entered February 13, 1906. An appeal was allowed the same day, appeal bond to be filed within twenty days. March 3, 1906, the time to file the bond was extended ten days. March 10, the death of the nominal plaintiff was suggested of record as having occurred February 23, 1906. On application of counsel for appellant the court held that the bond should run to the beneficial plaintiff. It is urged that the executors, administrators or heirs of the deceased nominal plaintiff are the proper parties to proceed in the appeal and the proper obligees in the bond. Aside from the fact that the order was entered

on appellant's suggestion and insistence that the court should determine to whom the bond should run, we have a statute in this state under which a suit brought in the name of a nominal plaintiff for the use of another does not abate by reason of the death of such nominal plaintiff, but it may be continued by the real plaintiff in interest in his own name, on his suggesting such death on the record and an order of court being made substituting his name for that of the deceased plaintiff. R. S. chap. 1, sec. 23. In Foreman Shoe Co. v. Lewis, 191 Ill. 155-158, it is said the action does not "survive to the legal heirs or representatives of the nominal plaintiff, but proceeds to final judgment in the name of the usee." Appellant argues that this statute is not applicable because, it is said, suits do not abate after judgment. The statute is not by its terms thus limited. The suit "may be continued by the real plaintiff in interest in his own name." To continue it in his own name necessarily involves following it on appeal and until it is finally ended and the judgment paid. The next section (sec. 24) of the statute referred to expressly provides that the provisions of the act shall apply to all appeals, writs of error, etc., so far as they may be made applicable. As said in Jenkins v. Pope, 93 Ill. 27, quoted with approval in Foreman Shoe Co. v. Lewis (p. 159), the beneficial plaintiff "is undoubtedly named as the party who is entitled to the benefit of the recovery and the court in such cases recognizes him as the real party and gives him the entire control of the process and management of the suit to its termination and of the judgment when recovered and of the process for its enforcement." The rights of a beneficial plaintiff as related to the nominal plaintiff are fully discussed in the case last referred to. It is expressly stated that the defendant "is required to regard the usee as the real plaintiff unless he puts in issue by proper plea the right of the usee to recover,"

and may avoid judgment by establishing a set-off against the beneficial plaintiff to an amount equal to the plaintiff's demand. We see no reason, in view of the statute, why when the suit may be continued in the name of the beneficial plaintiff, the bond should not run to "the real plaintiff in interest" after he has suggested of record the death of the nominal plaintiff and been duly substituted.

For the reasons indicated the judgment will be affirmed.

*Affirmed.*