Carl Bruce and Florida Bruce, Appellees, v. American
Surety Company, Appellant.

Gen. No. 8,266.

322

at the October term, 1930.    Heard in this court
Opinion filed February 17, 1931.

HINCHCLIFF, MILLER & THOMAS, for appellant.

HYER & GILL, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in debt was instituted by appellees against appellant in the circuit court of Winnebago county. The declaration consisted of one count and averred that on February 25, 1929, a judgment was entered against "one Fred Buchanan in the name of Robbins Bros. Four Ring Wild Animal Circus, a corporation," in the sum of $2,025, together with costs of $13.95; that on May 18, 1929, an execution was issued on said judgment, directed to the sheriff of Winnebago county, and on May 18, 1929, was levied upon an electric lighting plant for a circus, one truck and two steel flat cars; that on said 18th day of May, appellant and one Fred Buchanan jointly and severally acknowledged themselves to be bound to appellees in the sum of $4,075, conditioned that whereas an execution had been levied upon the articles above set forth and reciting that "the said Fred Buchanan claimed to be the sole owner of the property levied upon, in whose possession the property was found, being desirous of retaining the custody thereof according to the provisions of the statute. Now, therefore, if the said estate and property shall be forthcoming on June 22, 1929, at the Chicago, Milwaukee & St. Paul north side track in Rockford, Illinois, then this obligation to be void; otherwise to remain in full force and effect"; that said articles were not produced at said time and place or at any time since the giving of said bond, averring that a cause of action accrued, etc.

To said declaration appellant filed what it designated a plea in abatement, setting forth "that plaintiffs recovered a judgment in the circuit court of Peoria county in a suit entitled Carl Bruce and Florida Bruce v. Robbins Bros. Big Four Ring Wild Animal Circus, a corporation, on February 25, 1929, for $2,025, with costs of $13.95"; that thereafter an execution was issued on said judgment, and was levied upon "certain goods, chattels and estate of defendant in such judgment, namely, Robbins Bros. Big Four Ring Wild Animal Circus, a corporation; . . . that thereafter said defendant did execute its forthcoming or delivery bond" in the sum of $6,000 with one Thomas Webb as surety; that default was made in the return of said property as provided by said bond; that on July 14, 1928, Thomas Webb departed this life in Peoria county, Illinois, testate, with letters testamentary to certain named persons as the executors of said will; that suit was instituted against the estate of said Thomas Webb on said bond, and that judgment was rendered against the same for $2,121.55, and was allowed as a claim of the sixth class and ordered paid in due course of administration; that the net amount of said estate was in excess of $1,000,000, and was in the hands of said executors; that "the judgment rendered against the estate of the said Thomas Webb had been paid or will be paid in due course of administration."

Said plea further averred that the present suit was not instituted by appellees or with their knowledge and consent, but was being prosecuted by said executors, under claim of subrogation. It is further averred in said plea that appellees for a valuable consideration "assigned and set over all their right, title and interest in and to such judgment . . . to one C. W. Thurman"; that the averment that the present suit is being prosecuted by the executors of the last will of Thomas

Webb, deceased, is "stated on information and belief," prays judgment of the writ and that it be quashed.

The affidavit in support of said plea is also on information and belief as to such averment.

To said plea, appellees filed a demurrer, which demurrer was sustained, whereupon appellant made a motion for leave to amend its plea in abatement, which motion was denied.

Thereafter appellant filed a plea of *non est factum* a plea designated a plea of *onerari non,* a plea of *nil debet* and a plea of *nul tiel* record. Demurrers filed to each of said pleas were sustained. Thereafter by leave of court an amended plea of *onerari non* was filed, to which a demurrer filed by appellees was overruled, whereupon appellees filed a replication. A jury was waived and on the trial there was a finding and judgment in favor of appellees for $2,172.39 and costs. To reverse said judgment, this appeal is prosecuted.

It is contended that the court erred in sustaining the demurrer to the plea in abatement. Said plea and the affidavit in support thereof were in part on information and belief. Pleas of this character must be positively verified. *King v. Haines,* 23 Ill. 340, 341; *Aetna Indemnity Co. v. Spencer,* 135 Ill. App. 54–58. The court therefore did not err in sustaining said demurrer.

It is next insisted that the court erred in refusing leave to amend said plea. As a general proposition, neither at common law nor by statute was a plea in abatement amendable. *Cook & Brownell v. Yarwood,* 41 Ill. 115–118; *Bacon v. Schepflin,* 185 Ill. 122–130; *Spencer v. Aetna Indemnity Co.,* 231 Ill. 82–85.

"To this general rule an exception is made in the case of pleas in abatement to the jurisdiction of the court of the person. A plea of this character is held to be not strictly a plea in abatement, but a meritorious plea, necessary to the protection of a substantial right granted by statute, and in such case the plea is amend-

able." *Spencer v. Aetna Indemnity Co., supra,* 85, citing: *Safford v. Sangamo Ins. Co.,* 88 Ill. 296; *Drake v. Drake,* 83 Ill. 526; *Humphrey v. Phillips,* 57 Ill. 132; *Midland Pacific Ry. Co. v. McDermid,* 91 Ill. 170. The case at bar does not come within the exception.

It is next insisted that the court erred in sustaining the demurrer to the plea of *nul tiel* record. This being a suit on a bond and not on a record, the court did not err in sustaining said demurrer. *Mix v. People,* 86 Ill. 329–332; *Herrick v. Swartout,* 72 Ill. 340–342; *Arnott v. Friel,* 50 Ill. 174–176; *Rogers v. Barth,* 117 Ill. App. 323–326.

No error was assigned on the ruling of the court in sustaining the demurrer to the pleas of *nil debet,* and of *non est factum.*

It is next insisted that the court erred in admitting in evidence the record of the judgment in *Bruce v. Robbins Bros. Big Four Ring Animal Circus,* and the execution issued thereon. It is insisted that said record does not tend to support plaintiff's declaration in the cause here sued on, for the reason that Buchanan in no way appears to be connected therewith. The declaration in this case avers that a judgment was obtained against Fred Buchanan in the name of Robbins Bros. Big Four Ring Wild Animal Circus, a corporation.

"A person may adopt and use, as indicative of his negotiable and other contracts, a business name or style entirely different from his own proper name, and when he, by himself or a general agent, enters into a negotiable or other contract under such adopted business name, he will be bound by such contract as effectually as though it had been entered into and executed under his own proper name and signature." *Union Brewing Co. v. Interstate Bank & Trust Co.,* 240 Ill. 454–461.

In such case, the adoptive name is equivalent in law to the actual name of the party. *Union Brewing Co. v. Interstate Bank & Trust Co., supra,* 462; Daniells on Negotiable Instruments, 4th ed. p. 307; Randolph on Commercial Paper, sec. 141.

This court, in *Graham v. Eiszner,* 28 Ill. App. 269, at page 273 said:

"It is well settled that any person may adopt any name, style or signature over which he may transact business and issue negotiable paper and execute contracts, wholly different from his own name, and may sue and be sued by such name, style or signature." Citing *Hypes v. Griffin,* 89 Ill. 134; 1 Daniells on Negotiable Instruments, 3d ed. 303, 399.

It is also insisted that the court should not have admitted in evidence the bond here sued on, and certain other documentary evidence in connection with the levy of said execution. No valid reason is stated why such evidence was not admissible, and we know of none.

In connection with the offer of the judgment above referred to, one David Jarret testified on behalf of appellees that he was acquainted with Fred Buchanan; that Fred Buchanan was the proprietor of a circus known as the Robbins Bros. Big Four Ring Wild Animal Circus; that he had been in the circus business under several different names, but had been using the name of Robbins Bros. Big Four Ring Wild Animal Circus for the last four or five years. He further testified that Buchanan was the owner of said circus and that it was not incorporated; that he was familiar with the equipment belonging to said circus, including the property levied on in this case.

It is insisted that the court erred in admitting said testimony. The only objection made in the trial court to this or any of the oral testimony was, that it was

incompetent, irrelevant and immaterial. None of those objections were well taken.

One of the matters made prominent in the plea in abatement and in the affidavit in support thereof was that there had been a judgment against the estate of Thomas Webb, deceased, on the forthcoming bond signed by him; that his estate had net assets in the hands of his executors of over $1,000,000, and that said judgment had been paid or would be paid; that said judgment had been assigned to Thurman and that he was the present owner thereof; that appellees had no knowledge that the present suit was being prosecuted and that it was in fact being prosecuted by said executors.

The mere fact that a conditional judgment may have been rendered against the estate of Thomas Webb would not, prior to a satisfaction thereof, bar the prosecution of other means to collect said judgment. Neither would the fact that there had been an assignment of said judgment be a defense to the present suit. It is no concern of appellant as to who shall finally receive the amount if any is to be collected, as the record is sufficient to protect appellant from having to pay under said bond a second time.

None of the assignments of error, so far as argued by appellant, are well taken, and, there being no substantial error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*