JEREMIAH SMITH, who sues for the use of WARBURTON & ROSSE-
TER, plaintiffs in error, vs. Major ROBINSON.

*Error to Hancock.*

Section 1, chap. 26, Revised Stat., requires the Court to dismiss a. suit on motion, whenever
the plaintiff, or in case the suit is brought in the name of one for the use of another, when-
ever that other is a non-resident of the state, and fails to file security for costs.
Security for costs must be given in all cases, where the real plaintiff is a non-resident; and
in all cases where the person for whose use a suit is commenced, is a non-resident.

This was a suit originally commenced by the plaintiffs in er-
ror against the defendant in error, before a justice of the peace,
in Hancock county.   The plaintiffs recovered a judgment, and
the defendant took an appeal to the Circuit Court.

At the September term, 1849, of the Hancock Circuit Court,
the defendant, upon affidavit filed, moved to dismiss the appeal,
on the ground that the plaintiffs for whose use the suit is brought,
are non-residents of the state, and that they had not filed a bond
for costs.   Minshall, Judge, sustained the motion to dismiss,
and the plaintiffs brought the case to this Court by writ of er-
ror.

In this case, a similar motion to dismiss, grounded upon simi-
lar affidavit, was entered; which was allowed by the Court.

G. EDWARDS, jr., for the motion, cited 3d Gilman, Buckmas-
ter, use of Denham vs. Beames p. —; 1 Scammon, 192; Re-
vised Stat., p. 126, section 1.

R. S. BLACKWELL, contra, cited 1 Scammon, 581; 3d Gilman,
p. 1; Revised Stat., p. 128, section 16.

Opinion by Mr. Justice TRUMBULL:

The defendant moves to dismiss this writ of error, for the rea-
son as shown by affidavit, that Warburton & Rosseter, for
whose use it is prosecuted, are not residents of the state, and
because no security for costs has been filed.

Section 1, ch. 26, R. S., declares, that "in all cases in law
or equity, where the plaintiff, or person for whose use the ac-
tion is to be commenced, shall not be a resident of this state,
the plaintiff, or person for whose use the action is to be com-
menced, shall, before he institutes such suit, file, or cause to be
filed, with the Clerk of the Circuit or Supreme Court in which

the action is to be commenced," security for costs; and the second section of the same chapter declares, that "if any such action shall be commenced without filing such instrument of writing, the Court, on motion, shall dismiss the same."

These provisions of the statute are plain and positive, requiring the Court to dismiss a suit on motion, whenever the plaintiff—or in case the suit is brought in the name of one for the use of another—whenever that other is a non-resident of the state, and fails to file security for costs.

The Court has no discretion in the matter, and there is no room for construction, where the terms of a statute are clear and unambiguous. The legislature had an undoubted right to pass the law in question, and it is enough for the Court to know, that thus it is written.

It is, however, insisted, that a different construction has been put upon this statute in the case of Caton *vs*. Harmon, 1 Scam., 581. That case was unlike this. There the objection was, that the nominal plaintiff—not the person for whose use the suit was brought—was a non-resident. A proper construction of the statute, in connection with the decisions that have been made, requires security for costs in all cases, where the real plaintiff is a non-resident; or in case the suit is instituted by one person for the use of another, where the person for whose use the suit is commenced is a non-resident. The statute does not require a non-resident nominal plaintiff, suing for the use of a resident, to file security for costs, and this is all that is decided by the case of Caton *vs*. Harmon, but it does require that the person for whose use the action is to be commenced, should, if a non-resident, file security for costs, "before he institutes suit," thereby treating the person, for whose use the suit is brought, for this purpose, as the real party instituting it.

This construction reconciles all the decisions that have been made—Seward *vs*. Wilson, 1 Scam., 192; Ripley *vs*. Morris, 2 Gil., 381—and gives force and efficacy to the statute, while a different decision would render wholly nugatory one of its plainest requirements.

The motion to dismiss the writ of error must be allowed.

*Motion sustained.*