EDWARD C. SUMNER

*v.*

EZEKIEL B. SLEETH.

**1. ERROR**—*presumption.* In the absence of an affirmative showing in the record to the contrary, it will be presumed that adequate cause was shown to justify the court below in making and enforcing a rule requiring the plaintiff in replevin to make and file a new bond in the place of the original said to be lost.

**2. NOMINAL PARTIES** — *courts will look to real party in interest.* It has long been the practice of courts of law to look through the nominal parties to the rights of the real parties in interest, and where a necessary nominal party, either plaintiff or defendant, fails or refuses to use his name, the court will, on proper indemnity as to costs and damages, permit the real party in interest to use the name of the nominal party, and that against his protest.

**3.** Where goods are replevied from a bailiff of another, the plaintiff knows the fiduciary character of the defendant, and can not be allowed to urge for error that the court refused to carry out an agreement made with such nominal defendant, in bad faith and in violation of his trust, to dismiss the suit without costs or return of the property replevied.

APPEAL from the Circuit Court of Livingston county.

Messrs. DOYLE & KING, and Mr. CHARLES BLANCHARD, for the appellant.

Mr. HARRISON LORING, and Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant brought replevin against appellee for property which appellee (as bailiff of Dunning and others) had seized upon a distress warrant against Stickler. After the action had been long pending, upon the suggestion of the attorney for defendant that the replevin bond given by plaintiff was lost, a rule was entered requiring plaintiff to file a new bond. To this order no exception was taken. This order was made January 6, 1876, and required the bond by February 1st. On January 28, 1876, a stipulation was filed that the suit should be dismissed, and that each

party should pay his own costs. This was signed by Sumner, the plaintiff in the action, and by Sleeth, the defendant, and on motion of plaintiff the court ordered the action to be accordingly dismissed. A few days after, and during the same term, on application of Dunning, and on his motion, this order of dismissal was set aside, and the case reinstated upon the docket, and to this order plaintiff excepted. At the same time the time for filing a new replevin bond was extended until April 1, 1876. On February 24th, and during the same term, plaintiff moved to vacate the rule requiring him to file a new replevin bond by April 1st. This motion was overruled, and to this ruling plaintiff excepted; but the record fails to show what proofs or facts, if any, were presented to the court on the hearing of this motion.

On the first day of the May term of the court, on motion of defendant, the action was dismissed for want of a new replevin bond, as required by the rule; and to this order plaintiff excepted. Judgment was entered against the plaintiff for a return of the property and for costs, and he appeals to this court.

Appellant insists that it was error to rule the plaintiff to file a new replevin bond, and alleges that "this rule was not predicated upon any foundation whatever." This allegation is not sustained by the record. The order for this rule was entered at the January term, 1876, and no exception was taken to the order. The time for filing the bond was, on February 18th, extended until April 1st, and no exception was taken to that order. On February 24th, plaintiff moved to set aside the rule before that time entered, requiring the bond to be filed by April 1st. This motion was overruled, and plaintiff excepted to that decision, but in the bill of exceptions there is no statement of the facts or proofs at that time submitted to the court on that question. We have no means of determining from this record what cause was shown to the court in support of the motion for the rule or in support of the

motion to vacate the rule, and can not, therefore, say that there was error in the decision. There being no error apparent in the entering of the rule, the proper mode of enforcing the rule was, that sanctioned by the court, to dismiss the suit for want of compliance with the rule. It is not questioned that there may be cases where such a rule ought to be entered and enforced. In the absence of an affirmative showing in the record to the contrary, we must presume that adequate cause was shown.

After the overruling of plaintiff's motion to vacate the rule spoken of above, and before the action was dismissed for want of prosecution, an attorney appeared for Sleeth, the defendant, and produced a power of attorney from him, authorizing that attorney to manage and control this suit for him, and discharging all other attorneys in his behalf, and motions were made first by Sleeth and afterwards by the plaintiff to dismiss the case, without an order for the return of the property, and without judgment for defendant for costs. Both of these motions were resisted by an attorney acting in the name of Sleeth, but for and in the interest of Dunning. The court refused to allow this to be done, and to this ruling plaintiff excepted.

This presents the only other question in the case. Appellant insists that Sleeth being the party of record, his consent to such an order was sufficient ground for such an order, and that Dunning, not being a party to record, could not properly interfere in the action.

This position is untenable. On the hearing of the motion made in February, to set aside the order of dismissal (entered on January 28th, in pursuance of the stipulation of Sumner and Sleeth), it was made to appear to the court, by the inspection of the pleadings and by affidavits, that the custody of Sleeth of the property involved (and which was violated by the execution of the writ of replevin) was the custody of Sumner and others, and that Sleeth held the same as their bailiff or agent. Having taken upon himself that fiduciary capacity, he was bound in good faith to pro-

tect their interests so long as he occupied that position.   And he could not lawfully lay aside his character without notice to his principals.   It has long been the practice of courts of law to look through the nominal parties, to the rights of the real parties in interest, and where a necessary nominal party, either as plaintiff or defendant, fails or refuses to use his name, either in prosecuting or defending an action at law, courts will (upon proper indemnity as to costs and damages) permit the real party in interest to use the name of the nominal party, and that against the protest of the nominal party.   It is plain, from the proofs, that when Sumner made the stipulation in question, he knew the fiduciary character of Sleeth, and knew that the making of the stipulation by Sleeth was an act of bad faith upon his part.   The court was right in setting aside the order based upon that act of bad faith, and was right in refusing to permit Sleeth to control the suit to the detriment of his principals.   Had Sleeth's motives been merely to protect himself against costs, there was no difficulty in his way.   He might have called upon his principals for indemnity, and upon their failure to give it the court would have permitted him to abandon the defense.

Finding no error in the record, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*