# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1879.

ROBERT W. JENKINS, Assignee, etc.

*v.*

IRVING W. POPE *et al.*

| 93 | 27 |
|------|------|
| f92a | 556 |
| 93 | 27 |
| 191 | 158 |
| 191 | 159 |

CHANGE OF VENUE—*may be taken by beneficial plaintiff.* The person for whose use a suit is brought, and whose name appears as the beneficial plaintiff on the record, having the sole right to control the suit, and having all the interest in the recovery, and being liable for the costs in case he fails, is so far the real party to the record as to permit him to file a petition for a change of venue when ground for it exists.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM K. MCALLISTER, Judge, presiding.

Messrs. SLEEPER & WHITON, for the plaintiff in error.

Messrs. E. & A. VAN BUREN, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in refusing to change the venue of the case on the affidavit filed for the purpose. The suit was brought in the name of Noyes and W. D. Messenger, for the use of Edward D. Messenger, against defendants in error. The nominal plaintiffs were declared bankrupts, and Jenkins, the assignee of their estate, was substituted as plaintiff in the case. The petition for a change of venue is filed by Edward D. Messenger, the beneficial plaintiff, and alleges the prejudice of the judge as the ground for a change of venue. No exceptions are urged to its sufficiency in substance or form, or that it fails in any respect to strictly conform to the requirements of the statute.

The statute provides that the application shall be by petition, setting forth the cause for the change, and a prayer therefor, and shall be verified by the affidavit of the applicant. The first section of the act provides, that where either party shall fear he will not receive a fair trial, because the judge is prejudiced against him, etc., the venue may be changed as therein provided.

The statute has given the right to either party to the suit, and it is urged that the beneficial plaintiff is not a party, within the meaning of this statute. He is the only person having any interest in a recovery; and under the statute he is liable for costs, and on a failure to recover in the action a judgment is rendered against him for costs and execution is awarded against him therefor. (See sec. 19, Costs.)

The case of *Crowell* v. *Maughs*, 2 Gilm. 419, was where a party whose name in no way appeared in the record made the application, and the court held the statute only gave the right to a party to the record. It was said: "Our statute only authorizes the parties to obtain a change of venue. The application must be made by a party to the record, and the petition must be verified by his affidavit." Then is E. D.

Messenger a party to the record, within the meaning of the statute? He is undoubtedly named as the party who is entitled to the benefit of the recovery, and the court in such cases recognizes him as the real party and gives him the entire control of the process and management of the suit to its termination, and of the judgment when recovered and of the process for its enforcement. He may dismiss the suit, may enter satisfaction of the judgment, and is in these things armed with ample power to act as if he was the nominal as well as the real plaintiff. And the statute has made him a party, so that on a failure to recover in the action, a judgment is rendered against him for costs, and an execution is awarded for their collection.

In the case of *Smith* v. *Rossetter*, 11 Ill. 119, where the person for whose use the suit was brought was a non-resident, it was held that a bond for costs was required, and it was said, the statute treats the person for whose use the suit is brought, for the purpose of giving security for costs, as the real party instituting it. And the same is the principle of *Caton* v. *Harmon*, 1 Scam. 581, where it was held that where a nominal plaintiff is non-resident, and the beneficial plaintiff is resident, security for costs is not required. The person for whose use the suit is brought having the sole right to control the suit, and having all of the interest in the recovery, and the statute having made him liable to a judgment for costs, we are of opinion that he is so far the real party to the record, under the statute, as to permit him to file the petition for a change of venue, where grounds for it exist; that in this, as in other matters pertaining to the management of the suit, in protecting and enforcing his rights, it is under his control.

We are, therefore, of opinion that the court below erred in overruling the application for a change of venue, and the judgment of that court must be reversed and the cause remanded.

*Judgment reversed.*