THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

ANDREW LUNDAHL.

*Opinion filed December 18, 1899.*

1. APPEALS AND ERRORS—*what not basis for objection that personal injury suit was brought for use of another.* That the commencement of a declaration for a personal injury contains the words "for the use of," etc., is not sufficient basis for an objection that the action was improperly brought for the use of another, when no other allusion to the usee is made in the pleadings or evidence and the judgment is in favor of the nominal plaintiff alone.

2. PLEADING—*words "for the use of" are unnecessary.* In an action at law by one for the use of another, the words "for the use of" are unnecessary except to protect the interest of the usee against the nominal plaintiff, since a court of law can only recognize the nominal plaintiff, although, for convenience, it may protect the trust.

3. TRIAL—*when separation of jury is not ground for setting aside verdict.* That a juror, after retirement, with the consent of the court and under supervision of the bailiff, talked over the telephone to one of his employees about a matter wholly unconnected with the case on trial is not ground for setting aside the verdict.

*West Chicago Street R. R. Co.* v. *Lundahl*, 82 Ill. App. 553, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (HENRY CRAWFORD, of counsel,) for appellant.

FRANCIS T. MURPHY, and THADDEUS S. ALLEE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee sued appellant in the superior court of Cook county for a personal injury, and there recovered a judgment for $3000 and costs of suit. The appellant appealed to the Appellate Court for the First District, where the judgment of the lower court was affirmed, and it now prosecutes this further appeal.

But two grounds of reversal are here presented: First, that the action was improperly brought by the plaintiff for the use of another; and second, that the verdict should have been set aside for misconduct on the part of one of the jurors.

The introductory part of the declaration is: "Andrew Lundahl, for the use of Charles Hamill, plaintiff, by Francis T. Murphy, complains," etc. There is no other averment or allusion in the declaration to Charles Hamill, or that the claim has been assigned to him, but throughout Lundahl is referred to as the party injured and entitled to recover. Neither was it claimed by the introduction of evidence, or otherwise, that Charles Hamill had any interest in the suit, and the judgment was for the plaintiff, and not in his favor for the use of Charles Hamill or any one else.

It seems to be thought by counsel for appellant that because we have held that an action for a personal injury is not assignable therefore this suit could not be maintained. If the attempt here was to maintain the

action for the benefit of Charles Hamill, as the assignee
or owner of the claim, there would be force in the argu-
ment; but it is manifest that the words in this declara-
tion, "for the use," etc., are the merest surplusage and
add nothing whatever to the declaration.    In an action
at law by one for the use of another, the words "for
the use of" are unnecessary for any purpose other than
to protect the interest of the usee against the nominal
plaintiff.    Courts of law can only recognize the nominal
plaintiff, although as a matter of convenience they will
declare and protect the trust.    (*Hobson* v. *McCambridge*,
130 Ill. 367,—citing *McCormick* v. *Fulton*, 19 Ill. 570.    See,
also, *Tedrick* v. *Wells*, 152 Ill. 214, and *Union Nat. Bank* v.
*Barth*, 179 id. 83.)    The words "for the use of Charles
Hamill" are in no way for the benefit of the defendant,
neither is it in any way interested in the declaration of
use.    "That is allowed solely for the benefit of the *cestui
que use,* and as between the parties to the action it need
not have been inserted."    *Zimmerman* v. *Wead*, 18 Ill. 304.

In view of what we have said it is scarcely necessary
to allude to the fact, pointed out by appellee, that no
attempt was made on the part of the defendant to raise
this question upon the trial, either by demurrer, objec-
tions to evidence or asking instructions, the only attempt
to raise it being upon a motion in arrest of judgment.
By no stretch of the imagination could it be held that this
declaration was not sufficient to sustain the judgment.

The second position is equally untenable.    It appears
from affidavits in support of the motion for a new trial
that after the jury had retired to consider their verdict,
one of the jurors, through the bailiff, asked permission
of the court to communicate with his business house by
telephone, and under the direction of the court the bailiff
took him through the court room into another room, to a
telephone, where, in the presence of the bailiff, he called
up a party, and in substance stated that he was detained
upon a jury and might not be home until perhaps ten or

twelve o'clock at night, and told the party how to get into the shop. The bailiff says "there might be some more, but that is all I heard." The juror himself made affidavit, (which, being in support of his verdict, was competent,) in which he stated that the bailiff stood by while he called up his place of business for the purpose of giving some instructions to an employee, and that he talked with no other person while absent from the jury room; that the reason he called up said employee was because he had been unable to come from the court room to his place of business at the noon recess for want of time, and that he saw no one and talked with no one, in any way whatsoever, regarding the case. There is not a particle of evidence tending to show that the defendant was in any way prejudiced by what was done in this regard, nor do we think the practice was even irregular. It was held even in a capital case, (*Reins* v. *People*, 30 Ill. 256, on p. 273): "The separation of a jury without consent is not of itself error and ground for a new trial. Something more must be shown. It must be shown that the accused might have been prejudiced by it,—that the jurors, or some one of them, might have been tampered with or improperly influenced or some means exerted over them in consequence of their separating, so as to influence their verdict." This language was quoted with approval in *Sanitary District* v. *Cullerton*, 147 Ill. 385, and we added: "In civil cases the court will always inquire whether injury has ensued from the separation, and where no abuse is shown or suggested it will not be sufficient to avoid the verdict,"—citing authorities. This rule was again recognized in *Bevelot* v. *Lestrade*, 153 Ill. 625, where we said: "Verdicts should not be set aside upon mere suspicion that a juror has acted improperly.—*Roe* v. *Taylor*, 45 Ill. 485."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*