## Foreman Shoe Co. v. F. M. Lewis & Co., for the use of W. P. Liston.

1. PLEAS IN ABATEMENT—*Former Suit Pending, Different Beneficial Plaintiffs.*—A plea in abatement, in a suit between F. M. L. & Co. for the use of W. P. Liston, against The Foreman Shoe Co., of a former suit pending between the same parties and upon the same premises and undertakings is not sustained by proof of a former suit between F. M. L. & Co., for the use of Dana S. Vilas, receiver, etc., against the said Foreman Shoe Co.

2. PARTIES—*Rights of Beneficial Plaintiffs.*—A party for whose use a suit is brought is the beneficial plaintiff and is entitled to the benefit of the recovery and to be recognized as the real plaintiff, with the entire control and management of the suit to its termination, of the judgment when recovered, and of process for its enforcement. He may enter satisfaction of the judgment, and is in these things armed with as ample power to act as if he were the nominal as well as the real plaintiff. Upon a failure to recover in the action a judgment may be rendered against him for costs and an execution awarded for their collection.

3. PLEADINGS—*To Speak the Truth as it Existed at the Time of Filing.*—A plea must speak the truth as it was at the time it was pleaded or filed.

Assumpsit, for services, etc. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 20, 1900.

Statement.—July 1, 1898, F. M. Lewis & Co., a corporation, begun assumpsit against appellant, declaring specially.

upon a contract between Lewis & Co. and said shoe company, for painting and maintaining certain advertising signs for the latter, and upon the common counts. The shoe company pleaded in abatement a former suit pending in the Circuit Court of Cook County between the same parties and upon the same promises and undertakings in the declaration in this suit mentioned, to which the plaintiff replied that there was no record of said supposed former suit remaining in said Circuit Court. Under these pleadings the cause was submitted to the court, without a jury, for trial, which resulted in a finding of the issues for the plaintiff and an assessment of damages of $1,974.16 and judgment thereon, from which this appeal is taken.

EDWARD N. D'ANCONA, attorney for appellant.

W. CLYDE JONES, KEENE H. ADDINGTON and A. MORRIS JOHNSON, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The question presented for consideration is as to whether appellant made proof of its plea, viz., that the former suit pending was for the same causes of action as in this suit and between the same parties.

The only proof made upon this question was by the introduction in evidence on the trial of the record in the former suit in the Circuit Court of Cook County of a præcipe, summons, declaration, copy of account sued on, plea, and an additional count, together with the order of the Circuit Court allowing said additional count to be filed. In this connection it is proper to state that the claim of appellant's counsel, made in his brief, that there was error in the court's refusing to admit parol evidence to show the identity of the causes of action in the former suit with those in the case at bar, is not tenable, because it nowhere appears from the abstract that any such offer was made and refused by the court. Counsel seem to argue that the trial judge held that the defense was not entitled to offer in evidence

the additional count filed in the former suit, but we do not so construe the court's rulings, which are to the effect only that upon the whole record offered there was a failure to prove appellant's plea.

According to the proof, the record of the former suit shows in substance an action in assumpsit begun April 29, 1898, by F. M. Lewis & Co., a corporation, for the use of Dana S. Vilas, receiver, against Foreman Shoe Co., a corporation, the declaration being filed June 9, 1898, consisting of the common counts for goods, wares and merchandise sold and delivered, for money lent and advanced, for money paid, laid out and expended, for money received by the defendant to and for the use of plaintiff, for interest, for work done and material for the same, and for an account stated; a copy of account in general terms showing $2,000 due for each of the several items mentioned in the different common counts; a plea of the general issue by the shoe company, and an order of the Circuit Court permitting the filing of an additional count, and such additional count, which declares specially for a breach of the same contract declared upon in the special counts in this case for a failure to pay the moneys therein agreed to be paid. The appellant's plea in abatement in the suit at bar was filed September 6, 1898, and the replication September 28, 1899, while the additional count in the former suit was filed September 26, 1899. The present suit is by F. M. Lewis & Co., a corporation, for the use of W. P. Liston.

One allegation of appellant's plea, viz., that the parties in this and the former suit are the same, is not proven. It is true the defendant in the two suits is the same, but while the nominal plaintiff in the two suits is the same, the beneficial plaintiff in this case is W. P. Liston, and in the former suit the beneficial plaintiff is Dana S. Vilas, receiver.

In the case of Jenkins v. Pope, 93 Ill. 27, the Supreme Court, in speaking of the right of a beneficial plaintiff to a change of venue, say :

" He is the only person having any interest in a recovery,

Foreman Shoe Co. v. F. M. Lewis & Co.

and under the statute he is liable for costs, and on a failure to recover in the action, a judgment is rendered against him for costs and execution is awarded against him therefor. (See Sec. 19, Costs.)" * * * "He is undoubtedly named as the party who is entitled to the benefit of the recovery, and the court in such cases recognizes him as the real plaintiff, and gives him the entire control of the process and management of the suit, to its termination, and of judgment, when recovered, and of process for its enforcement. He may dismiss the suit, may enter satisfaction of judgment, and is in these things armed with ample power to act as if he was the nominal as well as the real plaintiff, and the statute has made him a party so that, on a failure to recover in the action, a judgment is rendered against him for costs, and an execution is awarded for their collection. In the case of Smith v. Rosseler, 11 Ill. 119, where the person for whose benefit the suit was brought was a non-resident, it was held that a bond for costs was required, and it was said that the statute treats the person for whose use the suit is brought, for the purpose of giving security for costs, as the real plaintiff instituting it. And the same is the principle of Caton v. Harmon, 1 Scam. 581, where it was held that, where the nominal plaintiff is a non-resident and the beneficial plaintiff is resident, security for costs is not required; the person for whose use the suit is brought having the sole right to control the suit and having all of the interest in the recovery, and the statute having made him liable to a judgment for costs, we are, therefore, of opinion that he is so far the real party to the record, under the statute, as to permit him to file a petition for a change of venue, where grounds for it exist; that in this, as in other matters pertaining to the management of the suit, in protecting and enforcing his rights, it is under his control;" and held that a usee was entitled to a change of venue.

In Boynton v. Phelps, 52 Ill. 210–19, in which the court considered the competency of a defendant as a witness after the death of the beneficial plaintiff, the court held the defendant incompetent, and said:

"That a party for whose use a suit is brought is the real party to the action, has been often held by this court."

We think, therefore, that as the usee is the only one who has an interest in a recovery, is liable for costs, and has the right to control the process and management of the suit,

and on judgment, when recovered, may dismiss the suit, enter satisfaction of judgment, and "is armed with ample power to act as if he was the nominal as well as the real plaintiff," he is a party to the cause, for the purpose of determining the truth of appellant's plea, and therefore it can not be said that in this case the plea in abatement is proved by a record which shows that the former suit was for the benefit of an entirely different person from the usee in this case.

It is true that in cases cited by appellant's counsel, among others Tedrick v. Wells, 152 Ill. 214, Union National Bank v. Barth, 74 Ill. App. 383, affirmed 179 Ill. 83, and in Ry. Co. v. Lundahl, 183 Ill. 284, it was held (in the two former cases) that the usee could not appeal, and in the latter case that the use of the words "for the use of Charles Hamill," were surplusage and added nothing to the declaration, and were in no way for the benefit of the defendant in the case, as it was not in any way interested in the declaration of use—"that is allowed solely for the benefit of *cestui que use.*"

In the Tedrick case the decision was based upon the statute of this State allowing an appeal, which was given to the party to the cause, and as the statute must be strictly construed, the beneficial plaintiff was held not to be a party entitled to an appeal. The Barth case is, in part, based upon the Tedrick case, and announces the same principle, basing the ruling upon a strict construction of the same statute. The question in the Lundahl case was as to the sufficiency of the declaration on a motion in arrest of judgment, because, it was claimed, an action on the case "for the use of Charles Hamill" could not be sustained. The decision was that as these words were unnecessary for any purpose other than to protect the interest of the usee against the nominal plaintiff, the declaration was sufficient. We do not regard these cases as necessarily conflicting with the Jenkins case, *supra*, which does not seem to have been overruled.

Nor was the allegation of the plea that the promises and undertakings in the two suits were the same, proven. A plea must speak the truth as it was at the time the plea is

pleaded or filed.    1 Shinn's Pl. & Pr., Sec. 701; 1 Chitty's Pldg., 567; Parker v. McKeon, 34 N. H. 377; Life Ass'n v. Fassett, 102 Ill. 315.

At the time the plea in this case was filed the declaration in the record of the former suit consisted only of the common counts, while the declaration in this case consists of two special counts upon the contract and the common counts. This being the state of the record, it can not be told from the pleadings that the causes of action are the same in the two suits. It may be true, as argued by appellant's counsel, that a recovery might be had under the common counts on the same contract set up in the special counts—that the special counts and the common counts are not necessarily inconsistent for that reason. The recovery on the common counts, however, may be on causes of action entirely dissimilar to that on the contract set out in the special counts, and therefore the appellant has wholly failed to prove his plea. Had there been no special counts in this case, and only the common counts, extrinsic evidence would have been necessary in order to establish the identity of the causes of action in this case with the causes of action in the former suit. We have seen that the appellant offered no extrinsic evidence.

It is true, as a general rule, that the special count in the former suit will relate back to the time of the commencement of the suit (Ry. Co. v. Jones, 149 Ill. 361-7, and Eylenfeldt v. Ill. Steel Co., 165 Ill. 185), but that does not change the record of the former suit as it was when the plea in this case was filed, and therefore this rule of law can not avail appellant. Moreover, the filing of the special count can not avail appellant, because it is at most only an admission of the identity of the causes of action in the two suits by the nominal plaintiff (taking appellant's contention as being true). Such an admission can not be used to defeat the claim of the beneficial plaintiff. Dazey v. Mills, 5 Gilm. 67, and cases cited; Gridley v. Bingham, 51 Ill. 154.

There being no claim of any other error in the record, the judgment is affirmed.