THE FOREMAN SHOE COMPANY

*v.*

F. M. LEWIS & Co., for use, etc.

*Opinion filed June 19, 1901.*

1. ABATEMENT—*suits for different usees may be prosecuted at same time.* The pendency of a suit brought for the use of one person is not ground for abating a subsequent suit brought on the same cause of action and in the name of the same nominal plaintiff but for a different usee.

2. PRACTICE—*effect when parties go to hearing on plea in abatement.* If the parties, by agreement, submit the case to the court for decision upon the issue made by the declaration, plea in abatement and replication, and the defendant takes the initiative and introduces all the evidence on the issue in abatement but is defeated thereon, nothing remains to be done but to ascertain the amount which the plaintiff is entitled to recover.

3. SAME—*failure to enter formal default as on partial defense is merely technical.* Failure to enter formal default as on partial defense is merely technical, and if no objection is made in the trial court it cannot be raised on appeal.

4. SAME—*extent to which defendant may participate after defeat on a plea in abatement.* If the defendant is in default as to all issues except the one made by his plea in abatement, upon which he is defeated, he is entitled to participate in the investigation only for the purpose of reducing the amount of plaintiff's recovery.

*Foreman Shoe Co.* v. *F. M. Lewis & Co.* 92 Ill. App. 554, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

EDWARD N. D'ANCONA, for appellant.

W. CLYDE JONES, KEENE H. ADDINGTON, and A. MORRIS JOHNSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This appeal brings in review the judgment of the Appellate Court for the First District affirming the judgment entered against the appellant company in the superior court of Cook county for the sum of $1974.16, in favor of the appellee corporation, the nominal plaintiff, for the use of the beneficial plaintiff, W. P. Liston.

The declaration, which was in assumpsit, declared on a written contract entered into by and between the appellant company and the nominal plaintiff, whereby the appellant corporation employed the nominal plaintiff, the F. M. Lewis & Co. corporation, to paint or write certain advertising signs for a stated compensation. The declaration alleged the performance of the conditions by Lewis & Co., and sought judgment for the use of said Liston. But a single plea was filed, viz., a plea in abatement that the plaintiff had, prior to the institution of this action, instituted an action in the circuit court of Cook county in assumpsit, against the appellant, on the same

promises and undertakings in the declaration here filed, and that such prior action was still pending and undetermined in said circuit court. A jury was waived and the cause was submitted to the court for decision. The appellant company produced in evidence the transcript of the record in an action of assumpsit in the case of F. M. Lewis & Co., for the use of Dana S. Vilas, receiver, etc., against the appellant. It appeared from this transcript the suit therein referred to was upon the same contract set forth in the declaration in the present action, and alleged the same breaches of the contract, and that it was instituted prior to the present action and was still pending in said circuit court.

The contention of appellant as to the requirement it should be made to appear, in order to support its plea, that the prior action was between the same parties as the present suit, is, that the nominal plaintiff is the same in both actions and that it is wholly immaterial that the beneficial plaintiffs are different persons. We are reminded we have held that an action at law must run in the name of the nominal plaintiff; that the person equitably entitled to the proceeds of the judgment, the usee or beneficial plaintiff, need not be named in the record at all; that the addition of the name of the latter is simply to enable him to protect his interest as against the nominal plaintiff; (*Zimmerman* v. *Wead*, 18 Ill. 304; *American Express Co.* v. *Haggard*, 37 id. 465; *Tedrick* v. *Wells*, 152 id. 214; *Hobson* v. *McCambridge*, 130 id. 367;) that it is error to enter a judgment at law in the name of the beneficial plaintiff alone; (*Hobson* v. *McCambridge, supra;*) that in an action in the name of the nominal plaintiff for the use of a beneficial plaintiff, an order granting an appeal to the "plaintiff" does not, under the statute, give the party named as beneficial plaintiff the right to appeal. (*Tedrick* v. *Wells, supra.*) Such is the doctrine of these cases. We do not, however, assent to the argument that it must logically follow that the pendency of an action brought

in the name of a nominal plaintiff will preclude the prosecution of another suit on the same cause of action in the name of the same nominal plaintiff, for the use of another as beneficial plaintiff.

At an early day, courts of law were impressed with the harshness of the operation of the strictly legal rule that an action at law can only be maintained in the name of the person in whom the legal title or legal right rests, and in order to obviate the injustice which would result to assignees and others having actual rights and interests to be preserved, invested, from time to time, the owners of such equitable rights and interests with various privileges in relation to the enforcement of such rights in courts of law, which has resulted in giving such equitable owners a substantial and well recognized standing as litigants in such courts. An equitable owner of a chose in action is entitled, by virtue of such ownership, to bring an action at law in the name of the party having the legal right, for his use. Such legal plaintiff can not prevent the use of his name in the action, nor can he arrest or discontinue the suit, save on the failure of the usee to secure him against liability for costs. (*Sumner* v. *Sleeth*, 87 Ill. 500; *Jenkins* v. *Pope*, 93 id. 27; 15 Ency. of Pl. & Pr. 491, 492.) By statute, in this State the suit brought in the name of a nominal plaintiff, for the use of another, does not abate on the death of such nominal plaintiff, nor does it survive to the legal heirs or representatives of the nominal plaintiff, but proceeds to final judgment in the name of the usee. (1 Starr & Cur. Stat. 1896, chap. 1, sec. 23, p. 259.) The defendant cannot take advantage of the fact the nominal plaintiff has no real interest in the litigation, but is required to regard the usee as the real plaintiff, unless he puts in issue, by proper plea, the right of the usee to recover on the chose in action. The defendant may avoid judgment by establishing a set-off against the beneficial plaintiff to an amount equal to the plaintiff's demand. (*Rothschild* v.

*Bruscke*, 131 Ill. 265.) The defendant, if he prevails, may recover judgment against the usee for costs and enforce the judgment by execution. (See Rev. Stat. chap. 33, sec. 19.) When the usee is a non-resident of the State, the statute with reference to costs requires a bond to secure the costs shall be given by such usee, he being regarded as the real plaintiff in the action. (*Smith, for use, etc.* v. *Robinson*, 11 Ill. 119.) The beneficial plaintiff is so far the real plaintiff as that he may pray for and be granted a change of venue. (*Jenkins* v. *Pope*, 93 Ill. 27.) It was said in *Sumner* v. *Sleeth, supra:* "It has long been the practice of courts of law to look through the nominal parties to the rights of the real parties in interest." And in *Jenkins* v. *Pope, supra*, in adverting to the rights of a beneficial plaintiff, we said: "He is undoubtedly named as the party who is entitled to the benefit of the recovery, and the court in such cases recognizes him as the real party, and gives him the entire control of the process and management of the suit, to its termination, and of the judgment when recovered, and of the process for its enforcement." And in *Boynton* v. *Phelps*, 52 Ill. 210, we remarked: "That a party for whose use a suit is brought is the real party to the action has often been held by this court."

The beneficial plaintiff in the case at bar, Liston, is the only person who has an interest in the recovery in the action; is liable for costs; has the right to control the process and the course of the suit; may prosecute or dismiss it, and, if he recover judgment, may collect the same and enter satisfaction thereof. He has all the substantial and actual rights and interests of a real plaintiff and possesses full power to act as if he were the nominal plaintiff, and we agree with the trial court and the Appellate Court that his attitude in the case and his standing before the court were such that his suit could not be abated by showing that a prior suit was pending on the same cause of action for the benefit of another alleged

usee or beneficiary. His right to use the name of the legal plaintiff might have been put in issue by proper. pleading, (15 Ency. of Pl. & Pr. 498,) but his right of action cannot be precluded by showing that another person, as beneficial plaintiff, had employed the name of the nominal plaintiff in a prior pending suit on the same cause of action.

The objection is not well taken that the court erroneously ruled that appellant's right of cross-examination of the witnesses produced on behalf of appellee should be restricted to such interrogatories as tended to secure a reduction of the appellee's recovery. The appellant tendered no defense by its pleading other than that set out in the plea in abatement. It was actually in default on all other issues in the case. A default as on partial defense was not entered in form, but the failure to do so was merely technical and entirely harmless. (6 Ency. of Pl. & Pr. 56.) The parties having, by agreement, submitted the cause to the court for hearing and decision without a jury, on the issue made by the declaration, the plea in abatement and the replication thereto, and the appellant having taken the initiative and produced all its evidence on the issue of abatement, and having been defeated therein, nothing remained to be done but to ascertain the amount which the plaintiff was entitled to recover. This the court proceeded to do as though a formal default on partial defense had been entered. No objection was then interposed that such formal entry had not been made, and none can now be made. In the investigation of the question of the amount of the plaintiff's damages the appellant had the right to participate only for the purpose of reducing the recovery. (*Cook* v. *Skelton,* 20 Ill. 107; *Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419.) Its right of cross-examination was, therefore, accordingly restricted.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*