CHICAGO AND ALTON RAILROAD CO. *v.* THOS. J. MURPHY,

and

FREDERICK P. BAGLEY *v.* SAME.

*Opinion filed October 25, 1902.*

1. PLEADING—*words "suing for the use" may be stricken from declaration in personal injury case.* Striking out the words "suing for the use," etc., in a declaration in a personal injury case, is an amendment of a matter of form, and no further pleas are necessary.

2. SAME—*misjoinder of counts not ground for motion in arrest.* While it is improper to join in the same declaration for personal injury a count against the two defendants with a count against each of them severally, yet under the fifth clause of section 6 of the Statute of Amendments and Jeofails such misjoinder, being a "mispleading," as the term is used in the statute, is not ground for a motion in arrest after verdict.

3. EVIDENCE—*what competent in a suit for negligence against two defendants.* In an action against a railroad company and the owner of a stone yard for injuries received by reason of the train running against a large stone which was being unloaded with a derrick from a flat-car on a side-track in front of the stone yard, evidence that the engineer not only could have seen the stone, but did see it and signaled the men handling it to get it out of the way, is competent, and tends to show that the company was negligent.

4. SAME—*right of either joint defendant to offer evidence material to his own defense.* Where defendants are sued jointly in a personal injury case, either has a right to offer such evidence as he deems material to his case, and if one party regards any evidence as admissible against the other only, he should ask the court to limit its application by proper instruction.

5. RAILROADS—*degree of care a railroad company owes to passengers.* A railroad company, in the matter of protecting its passengers, is bound to exercise the highest degree of care reasonably consistent with the due operation of its road.

6. INSTRUCTIONS—*when erroneous instruction is harmless.* In a personal injury case against two defendants, an instruction authorizing the jury to find one defendant not guilty if they believe, *from a preponderance of the evidence,* that his servants were not negligent, is erroneous in casting the burden of proof upon him; but the error is harmless where the evidence is such that the jury must have found that such servants were grossly negligent.

7. NEGLIGENCE—*when verdict in suit for negligence is sustained.* In an action against a railroad company and the owner of a stone yard for injuries received by reason of the train striking a large

stone which was being unloaded with a derrick, a verdict finding the employees of the owner of the stone yard to be negligent is sustained by evidence that they raised the stone with the derrick knowing it would likely swing out over the track and that a train was due to pass about that time, and that while they had a rope attached to prevent the stone swinging out they did not use it.

*Chicago and Alton R. R. Co.* v. *Murphy*, 99 Ill. App. 126, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

JAMES H. TELLER, for appellant the Chicago and Alton Railroad Company.

DEFREES, BRACE & RITTER, for appellant Frederick P. Bagley.

C. M. HARDY, and L. P. WILCOX, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This action on the case was brought by the appellee, against the Chicago and Alton Railroad Company and Frederick P. Bagley, in the superior court of Cook county. The declaration contained three counts, in the first of which it was alleged that the plaintiff, on the 4th day of May, 1897, purchased of the railroad company a passenger ticket from the city of Chicago to Springfield, Missouri, and then became a passenger from said city of Chicago to said destination, and thereupon it became and was the duty of the said defendant railroad company to use due care and diligence in carrying him and in the management and running of its trains for that purpose; to use due care and diligence to prevent the plaintiff from being injured by dangerous structures and things in and upon said train, and in and upon and along the course of said railroad, while he was thus being carried; to use due care and diligence in watching for and avoiding impending danger and dangerous structures

and things in and upon said train, and in and upon and along the course of said railroad, while said plaintiff was being carried by said defendant; yet it did not regard its duty as aforesaid, but, on the contrary thereof, ran and managed said train in such a manner as to bring it with force and violence in contact with a certain large stone weighing forty tons, which was then possessed and controlled by the said defendant Frederick P. Bagley at a point near Eighteenth street, upon said railroad, in the city of Chicago, and that the said Bagley did then and there willfully, maliciously, wantonly, carelessly and negligently handle and manage said stone, by means of a derrick and crane, in such a manner as to bring said stone with great force and violence in contact and collision with said train wherein said plaintiff was a passenger, and by means aforesaid the said stone was then and there carelessly, willfully, maliciously and negligently hurled with great force and violence by said defendant Frederick P. Bagley into, upon and against said train wherein the plaintiff was then and there a passenger, by means of which the plaintiff was then and there thrown with great force and violence to and upon the floor of a certain car in said train to and upon the ground, by means of which his head was greatly injured, etc., describing at length the nature of his injuries and alleging the expenditure of money in being cured of such injuries. The second and third counts are for the same injury, but the second charges the railroad company alone and the third the defendant Bagley alone. The suit was first brought in the name of the plaintiff "suing for the use of August Haley." Pleas of not guilty were filed by both defendants.

During the trial, which was by jury, the plaintiff was asked whether he had assigned his claim to Haley, which was objected to by counsel for the plaintiff and the objection sustained. Thereupon the plaintiff, by leave of the court, amended his declaration by striking out "suing for the use of August Haley." Counsel then asked leave

to plead over, but that leave was denied and the trial proceeded upon the issues made by the pleas of not guilty then on file. The jury returned a verdict in favor of the plaintiff for $6000. The defendants entered their motions for a new trial and in arrest of judgment, both of which were overruled and judgment entered upon the verdict. The defendants prosecuted separate appeals to the Appellate Court for the First District, and the branch of that court, after requiring the plaintiff to enter a *remittitur* of $3000, affirmed the judgment of the superior court. The defendants both appeal to this court and have filed separate briefs and arguments.

At the close of plaintiff's evidence, and again at the close of all the evidence, the usual motions for an instruction to the jury to find the issues for the defendants were made and overruled.

It is insisted by counsel for Bagley that the trial court erred in allowing plaintiff to amend his declaration by striking out the words "suing for the use," etc. The claim was not assignable, and the use of those words was mere surplusage. (*West Chicago Street Railroad Co.* v. *Lundahl*, 183 Ill. 284.) The amendment was only a matter of form, and no further pleas were necessary, or could have been filed.

It is urged by both defendants that the refusal to sustain the motion in arrest of judgment, which was based upon the fact that there was a misjoinder of counts in the declaration, was error. It was improper to join in the same declaration a count against the two defendants with counts against each of them severally. Of course, joint tort feasors may be sued jointly or severally, but they cannot be sued severally in the same action. It is undoubtedly also true that at common law a misjoinder of counts could be taken advantage of by motion in arrest of judgment or on error, but we do not think that rule should be applied in this State. By section 24 of our Practice act amendments before final judgment may

198—30

be allowed on such terms as are just and reasonable, introducing new parties plaintiff or defendant, discontinuing as to any joint plaintiff or defendant, changing the form of action, and in any matter either of form or substance, or in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. Section 6 of the Statute of Amendments and Jeofails, (Hurd's Stat. 1899, p. 142,) is as follows: "Judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding by the court, or upon confession *nil dicit* or *non sum informatus*, or upon any writ of inquiry of damages, be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely:  *  *  *  Fifth, for any *mispleading*, insufficient pleading," etc.

A misjoinder of counts in the same declaration is a "mispleading," as that term is used in this statute. It was so held in *Lovett* v. *Bell*, 22 Wend. 375, in which Senator Verplanck said: "I think that according to the sense and intention of our enlarged statute of amendments, 'mispleading' includes within its sense a misjoinder of counts. The word is frequently employed in a narrower sense, but it may very well be used with various degrees of latitude, since the word 'pleading,' on which it is formed, is used with still greater. Neither that word, nor its derivative, 'mispleading,' are words of precise definition and unvarying meaning, but are understood with more or less latitude, according to the context and the intent and object for which they are used.  *  *  * 'Mispleading,' in its immediate, and, I suppose, more usual sense, signifies essential errors or omissions in the defendant's defense, but it is also expressly defined to comprehend 'any mistakes or omissions essential either to the action or defense occurring either in the declara-

tion or the subsequent pleading.' (See Tidd's Pr. 954.) According to this larger and broader sense the word must comprise, as one species of mistakes essential to the action, such a misjoinder of counts as would be bad on demurrer, and it would fall strictly within the intention of our statute that such a mistake should be cured after verdict, when no prejudice has been done by it to the substantial justice of the cause and all rights of the parties."

If the contention on the motion in arrest of judgment had been urged by way of demurrer to the declaration, the plaintiff could readily have removed the objection by striking out the second and third counts, and would doubtless have done so. We entertain no doubt as to the correctness of the ruling upon the motion in arrest of judgment. There was a count against both defendants, which the verdict of the jury followed and upon which the judgment below is based.

It is again contended that the trial court erred in refusing to take the case from the jury, which raises the legal question whether there was any evidence fairly tending to prove the plaintiff's cause of action.

The facts as developed by the evidence show that on the morning of the accident the plaintiff became a passenger upon a south-bound train of the defendant railroad company, having purchased a ticket from Chicago to Springfield, Missouri. The train left the depot in the city on schedule time and proceeded on the westerly of two tracks used by the company in coming into and going out of the union depot. Immediately south of Eighteenth street, on the west of said west track, was a marble yard operated by F. P. Bagley. In the marble yard was a derrick and crane used for hoisting stone from flat cars which were run upon a side-track belonging to the stone yard, and which derrick, in its use, was liable, as it lifted a stone from the flat-car, to swing so near to the west track of the railroad as to come in contact with trains passing thereon. On that morning employees of

Bagley were unloading the stone mentioned in the declaration. It was suspended on a chain which ran through a pully attached to the derrick-boom. Four men were at a windlass hoisting the stone and one man was usually on the flat-car for the purpose of pulling it around so as to prevent it from swinging toward the track by means of a rope attached to it for that purpose, but at the time of the accident the employee who should have managed the rope had left it and gone to the place in the yard where it was intended to deposit the stone, for the purpose of placing timbers to receive it. As the train passed the derrick the stone swung against the front part of it, re-bounded, and then struck the front of the rear car in which plaintiff was seated, tearing out the side of the car, demolishing the seats, throwing the plaintiff upon the floor and seriously injuring him. For a distance of one thousand or fifteen hundred feet north of the stone yard the railroad track was straight, and no obstructions intervened to prevent the engineer from seeing the stone as his train approached it.

The plaintiff's testimony alone, with its reasonable intendments and inferences, fairly tended to prove that his injury resulted through the joint negligence of the servants of the railroad company and those of the defendant Bagley, and he was corroborated by witnesses introduced by him who were present at the time, assisting in unloading the stone. The motion to take the case from the jury at the close of plaintiff's testimony was properly denied.

It is conceded by counsel for the railroad company that the added testimony of the engineer, and perhaps other witnesses produced by Bagley, tended to prove that the engineer not only could have seen the block of stone and impending danger, but that he actually did see it and signaled to the parties in charge of the derrick to get it out of the way, but it is contended that evidence was improperly admitted against the railroad company, over its objection. We are unable to see how the court

could properly have sustained the objection to the competency of that evidence. The defendants were sued jointly, and in the introduction of testimony either had a right to offer such evidence as he or it deemed material to his or its own defense. If the other party regarded any testimony admissible only against the one offering it, he or it should have asked the court to limit its application by a proper instruction submitted for that purpose but could not deprive the other party of its benefit. There was no error in the admission of that testimony, or in the final refusal to instruct the jury to find either of the defendants not guilty.

The railroad company asked the court to instruct the jury that unless they found, from the evidence, that the company, by its servants in charge of the train, while there was yet time to stop the same before reaching the place at which the accident occurred, had notice or reason to suppose that said derrick would be operated while said train was passing it and that such operation would endanger the safety of the passengers in said train, they must find the said railroad company not guilty. The court refused to give it as asked, but added after the words "reason to suppose," "or by the exercise of the highest degree of care, under the circumstances, in running its said train, consistent with the due operation of its road, would have known that said derrick," etc. It is insisted that this modification was erroneous, because the language "highest degree of care" was not qualified by the word "reasonable" or "practicable." A railroad company, in the protection of its passengers against injury or danger, is bound to exercise the highest degree of care and skill reasonably consistent with the due operation of its road. It is not an insurer against danger or injury, but is held to the exercise of extraordinary care and vigilance. The qualification, "the highest degree of care *under the circumstances*," relieved the company of the responsibility for an injury resulting from

a want of the highest degree of care under any and all circumstances. The modification was not improper. *West Chicago Street Railroad Co.* v. *Kromshinsky*, 185 Ill. 92, and cases cited.

The defendant Bagley asked the court to instruct the jury that if they believed, from the evidence, that the employees of the Chicago and Alton Railroad Company were negligent and that the employees of Bagley were not negligent, then their verdict must be not guilty as to the defendant Bagley, but the court modified it so as to read as follows: "The jury are further instructed that if they believe, *from a preponderance of the evidence*, that the employees of Bagley were not negligent, then their verdict must be not guilty as to the defendant Bagley." The instruction as asked was improper. Whether the employees of the railroad company were negligent was a matter of no concern of Bagley. It was enough for the purposes of his defense if there was no negligence on the part of his own employees. But as modified it was manifestly erroneous. It cast the burden of proof upon him to prove that his employees were not negligent. Nor can we agree with counsel for the appellee or the Appellate Court that the error was cured by the ninth instruction given by the court of its own motion, which properly told the jury "that the plaintiff must establish his case by the greater weight of the evidence." The most that can be said is, that this ninth instruction tells the jury that on the question of negligence the burden of proof is upon the plaintiff, whereas the seventh, purporting to be given at the instance of the defendant Bagley, casts that burden upon him, and as has been frequently said in such cases, it is impossible to tell which the jury adopted as announcing the correct rule or which it followed. But should the judgment below be reversed for this error? We think not. There was no conflict in the evidence as to what the employees of Bagley did. They raised the stone, by means of the derrick, from the flat-

car knowing that it was liable to swing so near to the railroad track as to endanger passing trains. They also knew that a train on the company's road on that track was due about that time. They had provided a rope to prevent the result but negligently failed to use it. Treating the case against Bagley as depending upon the question of negligence, the jury could not properly have found otherwise than that his employees were grossly negligent. The error in giving the seventh instruction was therefore harmless error.

There is no force in the point that the negligence of Bagley's servants was not the proximate cause of the accident. His instructions on that theory were properly refused.

On the whole record the judgment of the Appellate Court will be affirmed.             *Judgment affirmed.*