## Weckler Brick Company v. Donald McLean, Impleaded, etc.

### Gen. No. 12,250.

1. BENEFICIAL PLAINTIFF—*right of, to control action.* The usee or beneficial plaintiff is entitled to control the action and it is error to refuse to strike a cause from the short cause calendar upon the motion of the beneficial plaintiff where the case has been placed there by the nominal plaintiff without consent of the beneficial plaintiff.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed January 18, 1906.

EDMUND W. FROEHLICH, for appellant.

EBEN F. RUNYAN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

William Goetzinger, for the use of the Weckler Brick Company, recovered judgment before a justice of the peace against Donald McLean, as garnishee, for the sum of $138.-60, from which judgment the said Donald McLean appealed to the Circuit Court, filing his appeal bond with the clerk of that court November 10, 1904.

November 28, 1904, Leonard Fiske, attorney for Goetzinger, the nominal plaintiff, filed in the circuit clerk's office the usual affidavit to have the cause placed on the short cause calendar.

A notice that an affidavit was filed with the clerk to have the cause placed on the short cause calendar was served on Donald McLean, December 8, 1904, and it appears from an affidavit of one Harry P. Tuchscherer that a like notice was served on one Adam J. Weckler, December 5, 1904. De-

cember 14, 1904, the Weckler Brick Company filed its appearance in the cause. December 15, 1904, it moved the court to strike the cause from the short cause calendar, "on the ground that the nominal plaintiff had no right, over the objection of said Weckler Brick Company, to have said cause heard upon the short cause calendar." The motion was continued till December 21, 1904, when it was overruled.

It is recited in the bill of exceptions that, on January 9, 1905, the cause was called for trial, "and thereupon the said plaintiff, Weckler Brick Company, refused to proceed in the above entitled cause, and the court, thereupon, upon motion of the defendant, dismissed said cause for want of prosecution," etc.

It is not controverted that appellant was, in fact, the beneficial plaintiff, and it is, by the order of January 9, 1905, recognized as such. It is called "the said plaintiff," and the cause was dismissed on the express ground that it refused to prosecute. This appellant doubtless did, for the purpose of relying on its motion to strike the cause from the short cause calendar, and to have the order overruling that motion reviewed. We are of opinion that the court erred in overruling appellant's motion to strike the cause from the short cause calendar. Appellant was the real plaintiff in the suit, the mere naked title, without any substantial interest whatever, being in the nominal plaintiff. The latter's name was used merely on account of the technical rule that, at law, the person in whose name the legal title is must sue. In Foreman Shoe Co. v. Lewis & Co., 191 Ill., 155, the court say: "The beneficial plaintiff is so far the real plaintiff as that he may pray for and be granted a change of venue. (Jenkins v. Pope, 93 Ill., 27.) It was said in Sumner v. Sleeth, *supra:* 'It has long been the practice of courts of law to look through the nominal parties to the rights of the real parties in interest.' And in Jenkins v. Pope, *supra,* in adverting to the rights of a beneficial plaintiff, we said: 'He is undoubtedly named as the party who is entitled to the benefit of the recovery, and the court in such cases recognizes him as the real party, and gives him the entire control of the

process and management of the suit, to its termination, and of the judgment when recovered, and of the process for its enforcement.'    And in Boynton v. Phelps, 52 Ill., 210, we remarked:  'That a party for whose use a suit is brought is the real party to the action has often been held by this court.'"    Ib. 159.    In the same case, the court say of the beneficial plaintiff:  "He has all the substantial and actual rights of a real plaintiff, and possesses full power to act as if he were the nominal plaintiff."

The court, in the present case, recognized appellant as the real plaintiff by dismissing the suit because appellant refused to prosecute it on the trial calendar.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*