## Hubbard Milling Company v. William Roche, for use of John Mulligan.

### Gen. No. 13,066.

1. ERROR—*what does not constitute.* It is not error for the court to give a poor reason for a correct ruling.

2. SPECIAL PLEA—*when obnoxious to demurrer.* A special plea which sets up facts admissible under the general issue is obnoxious to demurrer.

3. RECOUPMENT—*what plea sufficient to admit defense of.* A defense of recoupment is admissible under the general issue.

4. ATTACHMENT—*of what judgment in, not res judicata.* A judgment in attachment is not *res judicata* as to the amount due from the garnishee to the defendant.

5. INTEREST—*when allowance of, proper.* Interest is properly allowed where one receives and holds property to and for the use of another.

6. JUDGMENT—*who cannot complain of omission of words "for the use of."* These words if included in the judgment are of no benefit to the judgment debtor, and their omission cannot be complained of by him.

Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 30, 1907.

**Statement by the Court.** The plaintiff, William Roche, held a mortgage on the store fixtures, etc., from Gustave Classen, the mortgaged property being used in and at the bakery of said Classen, at 201 North Park avenue, Austin, Illinois. Roche then changed his residence from Chicago to Detroit, Michigan, leaving unpaid bills behind him. Some time thereafter Classen left for parts unknown, abandoning the store and fixtures, and leaving unpaid bills behind him. Roche took possession of the property under

his mortgage with a view to foreclosing it. One Albert Burgess, a creditor of Roche, brought an attachment suit against Roche and levied on the mortgaged property. Roche had a talk with the agent of the Hubbard Milling Company, the defendant herein, with a view to getting the property out of his hands. Roche wanted the Hubbard Milling Company to buy the mortgage, but the manager of the Hubbard Milling Company said that he would not pay him one cent for it; that the Hubbard Milling Company had a claim against Classen of about $325; that the only condition under which the Hubbard Milling Company would take hold of the matter at all would be to attempt to collect and foreclose, if necessary, upon being permitted to keep out of the proceeds first the amount due the Hubbard Milling Company. Roche wanted to have his $600 paid first, but the Hubbard Milling Company refused at first to undertake the foreclosure on this basis. Finally, however, the parties entered into the following written agreement:

"This agreement, between William Roche of the first part and Hubbard Milling Company of the second part, witnesseth, that whereas the party of the first part has this day transferred and set over to the Hubbard Milling Company a certain chattel mortgage, dated January 7, 1904, recorded in book 8876, folio 177, being document number 3,487,529, and the notes secured thereby, executed by Gustave Classen, on certain property located at 201 North Park avenue, Austin, Illinois, more particularly described as follows:

" All store fixtures, including shelving, counters, sideboards, and one brown onyx soda fountain, two glass show cases, two counters for same located on first floor and used as bakery at 201 N. Park avenue, Chicago, Ill.; also one Middleby oven and bakery tools for same located in basement of said 201 N. Park Ave., Austin, Chicago; also one ice freezing machine, one ice cutting machine, one generating tank, and tools used for making ice cream; one gray horse, one single harness and one light delivery wagon.

"Now in consideration of one dollar and other valuable considerations, the said Hubbard Milling Company under-

takes to collect the amount due on said mortgage and notes, and foreclose said mortgage if necessary, and out of the proceeds of same to pay to the said William Roche a sum not to exceed six hundred dollars ($600), and the amount over and above the sum paid to said Roche is to be kept and retained by the said Hubbard Milling Company as its own.

"If property is sold for more than $925, said Roche is to receive the amount in excess.

WILLIAM ROCHE,

Hubbard Milling Co.,

By John E. Stephen, Mgr."

The above agreement was made and the talk leading up to it was had on August 11, 1904, but the transfer of the mortgage was dated back to August 10, 1904, at the suggestion of Mr. Stephen, manager of the Hubbard Milling Company, according to Roche. The Milling Company claims that this was done on Roche's request.

The agent of the Hubbard Milling Company went out to the bakery and found the sheriff in possession under an attachment suit issued in the suit of Burgess v. Roche. Burgess subsequently released the attachment on the property and served the writ on the Hubbard Milling Company as garnishee.

On taking possession of the property the Hubbard Milling Company found much of the property described missing, although Roche had represented to the Milling Company that the property was all there.

In the attachment suit of Burgess against Roche, a judgment was obtained against the Hubbard Milling Company, as garnishee, in favor of Roche for the use of Burgess, for the sum of $311 and costs.

This action was brought by Roche for the use of John Mulligan, to whom Roche had assigned the contract, against the Hubbard Milling Company, to recover the amount claimed to be due on the contract. The common counts and two special counts were filed by the plaintiff. The special counts averred that the Hubbard Milling Company had re-

Hubbard Milling Co. v. Roche.

ceived for the property sold under the chattel mortgage the sum of $1,000.

The defendant Hubbard Milling Company filed the general issue and two special pleas. In the first special plea the defendant set up that it had exercised reasonable care and diligence in the sale of the property, but had realized only $750 out of the sale of the mortgaged property. In the second special plea the defendant set up that the property was sold for $750, and that the expense of the sale was $28.75; that Burgess brought suit against Roche and garnisheed this defendant, and that judgment was entered against this defendant for $311 in favor of Roche for the use of Burgess, which was all that defendant owed to the plaintiff.

Plaintiff filed a *similiter* to the first special plea, and a replication to the second special plea, denying that the property sold for less than $925, and denying that the expense of collecting the mortgage was $28.75, and concluded to the country, and defendant filed a *similiter* to the replication.

By leave of court defendant filed an additional plea setting up the amount the property sold for, the amount of defendant's claim, the amount paid on account of the Burgess suit, leaving a balance of $8.15 in its hands, which had been tendered to plaintiff.

To this plea the court sustained a special demurrer.

The cause was submitted to the court without a jury for trial. The court found the issues in favor of the plaintiff and assessed the plaintiff's damages at $247.20 for principal and $16.36 for interest, making a total of $263.56.

CANNON & POAGE, for appellant.

BISHOP & PINDELL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The ruling of the court in sustaining a demurrer to the additional plea of defendant is assigned for error.

We do not doubt the reason for the ruling given by the

court was not sound, but it is not error to give a poor reason for a correct ruling. In our opinion the plea amounted to the general issue, and was therefore bad on demurrer. The facts set out in the plea were admissible under the general issue. The court did not err in sustaining the demurrer. Whatever counterclaim or demand appellant had grew out of the same transaction upon which suit was brought, and recoupment therefor could be had and the evidence be introduced under the general issue.

The controlling question in the case is the construction to be placed upon the clause in the contract sued on relating to the disposition to be made of the proceeds arising from the sale of the property described in the chattel mortgage.

The trial court construed the contract to mean that Roche was to receive $600 out of the proceeds of the property covered by the mortgage, and the Milling Company was to retain all the proceeds of the property over $600 up to $925, and if the property brought more than the last named sum, Roche was to receive the excess.

We concur in this construction of the contract.

Construing the contract in this manner, we think the judgment of the trial court is correct on the merits of the case as shown by the record.

It is contended on behalf of appellant that the judgment in the attachment suit against appellant for $311 in favor of Roche for the use of Burgess was *res adjudicata* of the whole matter in contention in this case. This contention is not tenable. Pomeroy v. Rand, McNally & Co., 157 Ill., 176, 181. Appellant as garnishee was acquitted of the indebtedness to Roche under the contract to the extent of the payment made by force of the judgment against it as garnishee. But the judgment is not conclusive against Roche, the defendant in the attachment, that the amount which appellant was made liable to pay the plaintiff in the attachment was the full amount due him. Drake on Attachments, section 707, and authorities there cited; Freeman on Judgments, section 167.

We find no reversible error in the allowance of interest

on the amount found due. We think it a fair inference for the court to make from the evidence in the record that appellant had the proceeds of the property in its hands on August 13, 1904, when the garnishee summons was served upon it, and if so, interest was correctly allowed from that date.

It is of no consequence or concern legally to appellant that the judgment does not include the words "for the use of John Mulligan." These words, if included in the judgment, would not be for the benefit of the judgment debtor, and appellant cannot complain of their omission. W. C. St. Ry. Co. v. Lumdahl, 183 Ill., 284.

We find no reversible error in the record, and the judgment of the Circuit Court is therefore affirmed.

*Affirmed.*